FILED
United States Court of Appeals
Tenth Circuit

December 22, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON ALEXANDER BROADWAY,

    Defendant - Appellant.

No. 09-1139
(D.C. No. 07-CR-00517-LTB-1)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **EBEL**, and **MURPHY**, Circuit Judges.

---

Defendant-Appellant Jason Alexander Broadway pled guilty to possession with intent to distribute 50 grams or more of crack cocaine and being a felon in possession of a firearm. Aplt. App. at 9-29. The district court sentenced Mr. Broadway to 262 months' imprisonment for the cocaine offense. Aplt. App. at 47, 68. On appeal, Mr. Broadway challenges the substantive reasonableness of that sentence, arguing that the district court erred by refusing to depart from the crack/powder cocaine disparity recommended by the United States Sentencing

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Guidelines.  Aplt. Br. at 4-16.  Our jurisdiction arises pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We affirm.

On October 9, 2007, Denver police executed a search warrant at Mr. Broadway's apartment.  1 R. at 13.  The search found 487.82 grams of crack cocaine and a .38 caliber revolver.  1 R. at 13.  Mr. Broadway had prior felony convictions.  1 R. at 13.  On January 7, 2009, he pled guilty to Count 1, possession with intent to distribute 50 grams or more of crack cocaine, and Count 2, being a felon in possession of a firearm.  Aplt. App. at 9-29.

The district court calculated Mr. Broadway's advisory sentence pursuant to the United States Sentencing Guidelines.  Aplt. App. at 52, 68.  He was a career offender with a total of 14 criminal history points.  3 R. at 7-11.  His total offense level was 34.  3 R. at 5-7.  This resulted in a range of 262 months to 327 months on Count 1 and 120 months on Count 2.  3 R. at 16.

Mr. Broadway did not dispute the guidelines calculation.  3 R. at A-1; 1 R. at 31.  Instead he invoked the court's discretion under 18 U.S.C. § 3553(a) and asked the court to sentence him as if he had possessed powder cocaine, Aplt. App. at 30-38; 2 R. at 2-5, under which circumstance the guidelines would recommend a range of 151 to 188 months on Count 1.  Aplt. App. at 34-35.

At the sentencing hearing on March 25, 2009, the court denied a variance or departure:

> You know, it is correct, the Supreme Court says I can just

entirely disregard the one to one hundred ratio between powder and crack. And I am not saying there is not a case where I might be inclined to do that. For example, somebody who has a family, has had a good employment history, lawful employment, who is a mule who simply was transporting this crack cocaine and got nailed with a bunch of crack cocaine. That might stir some exercise of discretion in discounting this one to one hundred ratio. That is not your case, not looking at your criminal history.

Aplt. App. at 67. The court sentenced Mr. Broadway to 262 months on Count 1 and 120 months on Count 2, to be served concurrently, plus five years of supervised release on Count One and three years on Count 2, to run concurrently. Aplt. App. at 46-48, 68.

Mr. Broadway contends on appeal that the cocaine disparity is "substantively unreasonable . . . given the recent scientific realization that powder cocaine and crack cocaine produce similar physiological and psychological effects, and the complete change in our government's policy concerning the sentencing disparity between crack and powder cocaine." Aplt. Br. at 1-2.

We review "a district court's decision to grant or deny a variance under a deferential abuse of discretion standard." United States v. Beltran, 571 F.3d 1013, 1018 (10th Cir. 2009). A sentence within a properly calculated guidelines range enjoys a rebuttable presumption of reasonableness. Id.

A district court may vary from the guidelines' crack/powder sentencing disparities. Spears v. United States, 129 S. Ct. 840, 842-44 (2009) (discussing Kimbrough v. United States, 552 U.S. 85 (2007)). Where a district court

acknowledges its discretion to depart, but concludes that a departure is unwarranted under the defendant's circumstances, nothing mandates that the court "reduce a defendant's sentence in order to eliminate the crack/powder sentencing disparities." United States v. Caldwell, 585 F.3d 1347, 1355 (10th Cir. 2009).

Mr. Broadway makes much of the Department of Justice's new position that the crack and powder cocaine sentencing disparities are unfair and should be changed. Aplt. Br. at 7-11. Under the separation of powers, such a change is the responsibility of the executive and legislative branches, not the judiciary. The district court was aware that it could depart or vary from the guidelines. Aplt. App. at 67-68. It found no reason to do so and imposed a sentence considering the factors set forth in 18 U.S.C. § 3553(a). Aplt. App. at 68. That decision was not an abuse of discretion.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-4-