**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4507**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

STACY RENEE WILLIAMS,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:07-cr-01122-PMD-2)

Submitted:  January 19, 2010        Decided:  February 10, 2010

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Dennis E. Jones, DENNIS E. JONES & ASSOCIATES, P.C., Lebanon,
Virginia, for Appellant.  W. Walter Wilkins, United States
Attorney, Alston C. Badger, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stacy Renee Williams pled no contest to one count of possession with intent to distribute a quantity of crack cocaine and a quantity of marijuana, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C), (D) (West 1999 & Supp. 2009). Under the properly calculated advisory Sentencing Guidelines, her range of imprisonment was forty-one to fifty-one months. The district court, after giving consideration to the sentencing factors under 18 U.S.C. § 3553(a) (2006) and the disparity between crack cocaine and powder cocaine sentencing, varied downward, sentencing Williams to eighteen months' imprisonment. She filed a timely notice of appeal.

On appeal, Williams states that "[s]entencing based upon anything other than a 1 to 1 crack to powder cocaine ration [sic] is inherently unfair and unreasonable," citing Kimbrough v. United States, 552 U.S. 85 (2007), and Spears v. United States, 129 S. Ct. 840 (2009), as well as several district court cases. See Appellant's brief at 8, 10-12. We disagree.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. Procedural reasonableness is determined by reviewing

2

whether the district court properly calculated the defendant's advisory Guidelines range and then considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Substantive reasonableness of the sentence is determined by "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51).

We find the district court's sentence was both procedurally and substantively reasonable. Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED