Per Curiam.
Steven Spears was found guilty of conspiracy to distribute at least 50 grams of cocaine base and at least 500 grams of *262 powder cocaine, in violation of 21 U. S. C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 846. At sentencing, the District Court determined that the drug quantities attributable to Spears yielded an offense level of 38, that his criminal history justified placing him in the Guidelines’ criminal history category IV, and that the resulting advisory Guidelines sentencing range was 324 to 405 months’ imprisonment. The District Court was of the view that the Guidelines’ 100:1 ratio between powder cocaine and crack cocaine quantities, see United States Sentencing Commission, Guidelines Manual §2Dl.l(c) (Nov. 2006) (USSG),* yielded an excessive sentence in light of the sentencing factors outlined in 18 U. S. C. § 3553(a). Relying in part on decisions from other District Courts, see United States v. Perry, 389 F. Supp. 2d 278, 307-308 (RI 2005); United States v. Smith, 359 F. Supp. 2d 771, 781-782 (ED Wis. 2005), which in turn relied on a report from the Sentencing Commission criticizing the 100:1 ratio, see United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy 106-107, App. A, pp. 3-6 (May 2002) (hereinafter Report to Congress), the District Court recalculated Spears’ offense level based on a 20:1 crack-to-powder ratio. That yielded an offense level of 34 and a sentencing range of 210 to 262 months’ imprisonment. The District Court sentenced Spears to 240 months in prison, the statutory mandatory minimum. See United States v. Spears, 469 F. 3d 1166, 1173-1174 (CA8 2006) (en banc) (Spears I).
On cross-appeal, the Government argued that “the district court erred by categorically rejecting the 100:1 quantity ratio and substituting its own ratio in calculating Spears’s sentence.” Id., at 1174. The Eighth Circuit reversed Spears’ sentence and remanded for resentencing, holding that “neither Booker nor § 3553(a) authorizes district courts to reject the 100:1 quantity ratio and use a different ratio in *263 sentencing defendants for crack cocaine offenses.” Id., at 1176. This Court vacated the judgment of the Eighth Circuit, and remanded for further consideration in light of Kimbrough v. United States, 552 U. S. 85 (2007). Spears v. United States, 552 U. S. 1090 (2008).
On remand, the Eighth Circuit again reversed Spears’ sentence and remanded for resentencing. 533 F. 3d 715, 716 (2008) (en banc) (Spears II). It concluded, again, that the District Court “may not categorically reject the ratio set forth by the Guidelines,” id., at 717, and “ ‘impermissibly varied by replacing the 100:1 quantity ratio inherent in the advisory Guidelines range with a 20:1 quantity ratio,’” ibid. (quoting Spears I, supra, at 1178). Spears again petitioned for a writ of certiorari. Because the Eighth Circuit’s decision on remand conflicts with our decision in Kimbrough, we grant the petition for certiorari and reverse.
In Kimbrough, we held that “under Booker, the cocaine Guidelines, like all other Guidelines, are advisory only,” 552 U. S., at 91, and that “it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence ‘greater than necessary’ to achieve § 3553(a)’s purpose, even in a mine-run case,” id., at 110 (emphasis added). The correct interpretation of that holding is the one offered by the dissent in Spears II:
“The Court thus established that even when a particular defendant in a crack cocaine case presents no special mitigating circumstances — no outstanding service to country or community, no unusually disadvantaged childhood, no overstated criminal history score, no post-offense rehabilitation — a sentencing court may nonetheless vary downward from the advisory guideline range. The court may do so based solely on its view that the 100-to-l ratio embodied in the sentencing guidelines for the treatment of crack cocaine versus powder cocaine creates ‘an unwarranted disparity within the meaning of *264 § 3553(a),’ and is ‘at odds with § 3553(a).’ The only fact necessary to justify such a variance is the sentencing court’s disagreement with the guidelines — its policy view that the 100-to-l ratio creates an unwarranted disparity.” 533 F. 3d, at 719 (opinion of Colloton, J.) (citations omitted).
Kimbrough considered and rejected the position taken by the Eighth Circuit below. It noted that “a district court’s decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular ease ‘outside the “heartland” to which the Commission intends individual Guidelines to apply.’” 552 U. S., at 109 (quoting Rita v. United States, 551 U. S. 338, 351 (2007)). The implication was that an “inside the heartland” departure (which is necessarily based on a policy disagreement with the Guidelines and necessarily disagrees on a “categorical basis”) may be entitled to less respect. Our opinion said, however, that the “crack cocaine Guidelines . . . present no occasion for elaborative discussion of this matter because those Guidelines do not exemplify the Commission’s exercise of its characteristic institutional role.” 552 U. S., at 109. Kimbrough thus holds that with respect to the crack cocaine Guidelines, a categorical disagreement with and variance from the Guidelines is not suspect.
That was indeed the point oí Kimbrough: a recognition of district courts’ authority to vary from the crack cocaine Guidelines based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case. The latter proposition was already established pre-Kimbrough, see United States v. Booker, 543 U. S. 220, 245-246 (2005), and the Government conceded as much in Kimbrough. 552 U. S., at 102, n. 13. That the Government did not prevail in Kimbrough proves that its concession — “that a district court may vary from the 100-to-l ratio if it does so ‘based on the individualized circumstance^]’ of a particular case,” *265 ibid. — understated the extent of district courts’ sentencing discretion.
In drawing a distinction between “individualized, case-specific” consideration of the Guidelines’ ratio and categorical rejection and replacement of that ratio, the Eighth Circuit relied in part, Spears II, supra, at 717, on the following passage from Kimbrough:
“The [district] court did not purport to establish a ratio of its own. Rather, it appropriately framed its final determination in line with § 3558(a)’s overarching instruction to ‘impose a sentence sufficient, but not greater than necessary’ to accomplish the sentencing goals advanced in § 3553(a)(2).” 552 U. S., at 111.
This says that it was “appropriate” for the District Court in Kimbrough not to specify what ratio it was using, but merely to proceed with § 3553(a) analysis. The Eighth Circuit read that to mean that district courts, in the course of their individualized determinations, may not categorically disagree with the Guidelines ratio, and (consequently) may not substitute their own ratio for that of the Guidelines. If it meant that, our vacating of the Eighth Circuit’s judgment in Spears I would have been inexplicable, because that supposedly impermissible disagreement and substitution was precisely the reason for Spears Ps reversal of the District Court. See Spears I, 469 F. 3d, at 1175-1176. As a logical matter, of course, rejection of the 100:1 ratio, explicitly approved by Kimbrough, necessarily implies adoption of some other ratio to govern the mine-run case. A sentencing judge who is given the power to reject the disparity created by the crack-to-powder ratio must also possess the power to apply a different ratio which, in his judgment, corrects the disparity. Put simply, the ability to reduce a mine-run defendant’s sentence necessarily permits adoption of a replacement ratio.
To the extent the above quoted language has obscured Kimbrough’s holding, we now clarify that district courts are *266 entitled to reject and vary categorically from the crack cocaine Guidelines based on a policy disagreement with those Guidelines. Here, the District Court’s choice of replacement ratio was based upon two well-reasoned decisions by other courts, which themselves reflected the Sentencing Commission’s expert judgment that a 20:1 ratio would be appropriate in a mine-run case. See Perry, 389 F. Supp. 2d, at 307-308; Smith, 359 F. Supp. 2d, at 781-782; Report to Congress 106-107, App. A, pp. 3-6.
The alternative approach — adopted by the Eighth Circuit — would likely yield one of two results. Either district courts would treat the Guidelines’ policy embodied in the crack-to-powder ratio as mandatory, believing that they are not entitled to vary based on “categorical” policy disagreements with the Guidelines, or they would continue to vary, masking their categorical policy disagreements as “individualized determinations.” The latter is institutionalized subterfuge. The former contradicts our holding in Kimbrough. Neither is an acceptable sentencing practice.
In opposing Spears’ present petition for a writ of certiorari, the Government contends that the Eighth Circuit’s opinion stands only for the noncontroversial proposition that a remand for resentencing was warranted in this case because the District Court did not properly consider all of the § 3553(a) sentencing factors. Brief in Opposition 12-13. But the Government did not present that argument below, and the Eighth Circuit’s opinion plainly did not rest on that ground. It concluded instead that “the district court may not categorically reject the ratio set forth by the Guidelines.” Spears II, supra, at 717. The Eighth Circuit has since read its own opinion to mean what it says, see United States v. Judon, 284 Fed. Appx. 371, 372 (2008) (per curiam), and so do we. In any event, to the extent the District Court cut short its sentencing analysis, it did so only because it had already determined that a mandatory minimum sentence was required, thus mooting any further arguments for a re *267 duced sentence. The decision not to entertain pointless arguments hardly constitutes procedural error.
The dissent contends, post, at 269 (opinion of Roberts, C. J.), that the Eighth Circuit recognized Kimbrough’s core holding when it stated that in conducting “an individualized assessment based upon the particular circumstances of a defendant’s case, a district court may determine the 100:1 quantity ratio results in a harsher sentence than necessary,” Spears II, 533 F. 3d, at 717. But that was not Kimbrough’s holding; it was the Government’s position in Kimbrough, which did not prevail. And it is expressly contradicted by Kimbrough’s holding that district courts are entitled to vary from the crack cocaine Guidelines in a mine-run case where there are no “particular circumstances” that would otherwise justify a variance from the Guidelines’ sentencing range.
The dissent believes that “[t]his petition involves the arguably distinct issue whether district courts that do disagree with the policy underlying the Guidelines may adopt their own categorical crack-powder ratios in place of the ratio set forth in the Guidelines.” Post, at 269. But that is in fact not distinct from the issue we addressed in Kimbrough. To say that the judge who considers the 100:1 ratio excessive cannot apply a different ratio is to say that the Kimbroughsanctioned district-court disagreement with the 100:1 ratio cannot honestly be given effect. It is absurd to think that a sentence which is reasonable in light of the statutory sentencing factors, see 18 U. S. C. § 3553(a), becomes unreasonable if the sentencing judge chooses to specify his disagreement, and the degree of his disagreement, with the 100:1 ratio, which is the entire basis for his Guidelines departure.
The dissent says that “Apprendi, Booker, Rita, Gall, and Kimbrough have given the lower courts a good deal to digest over a relatively short period. ” Post, at 270. True enough— and we should therefore promptly remove from the menu the Eighth Circuit’s offering, a smuggled-in dish that is indigestible. Finally, the dissent points out that other courts have *268 followed the Eighth Circuit’s course, see United States v. Russell, 537 F. 3d 6,11 (CA1 2008); United States v. Gunter, 527 F. 3d 282, 286 (CA3 2008). Both of those courts, like the Eighth Circuit, seized upon the language from Kimbrough quoted above in order to stand by the course they had adopted pre-Kimbrough — and in the case of the First Circuit, despite this Court’s having vacated and remanded, in light of Kimbrough, the prior First Circuit judgment which had established that course. See Pho v. United States, 552 U. S. 1091 (2008). If the error of those opinions is, as we think, evident, they demonstrate the need to clarify at once the holding of Kimbrough.
* * *
The petition for certiorari and the motion for leave to proceed in forma pauperis are granted. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

It is so ordered.

Justice Kennedy would grant the petition for a writ of certiorari and set the case for oral argument.
Justice Thomas dissents.

The Sentencing Commission has since reduced the crack-to-powder ratio. See USSG, Supp. App. C, Amdt. 706 (Nov. 2007).