CLAY, Circuit Judge,
concurring in part and dissenting in part.
I agree that the district court properly rejected Porter’s argument that his prior conviction for simple possession should be considered expunged. However, after close consideration of the Supreme Court’s recent decision in Spears v. United States, — U.S.-, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009), and this Court’s decision in United States v. Johnson, 553 F.3d 990 (6th Cir.2009), I do not join the majority in concluding that the district court fully recognized its authority to depart from the advisory crack cocaine Guidelines. Consequently, I would vacate Porter’s sentence and remand for resentencing in light of Spears.
I.
Recently, in Spears v. United States, the Supreme Court held that “district courts are entitled to reject and vary categorically from the crack cocaine Guidelines based on a policy disagreement with those Guide-Tines.” 129 S.Ct. at 844. Vacating a judgment of the Eighth Circuit in which a panel of that court held that district courts had no authority to substitute a different ratio for the then-applicable 100:1 crack-to-powder ratio of the Guidelines, the Spears Court explained that “[a] sentencing judge who is given the power to reject the disparity created by the crack-to-powder ratio must also possess the power to apply a different ratio which, in his judgment, corrects the disparity.” Id. After discussing the Court’s prior holding in Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, *777 169 L.Ed.2d 481 (2007), the S-pears Court clarified that a district court’s authority to categorically reject the crack cocaine Guidelines must apply even in “a mine-run case where there are no ‘particular circumstances’ that would otherwise justify a variance from the Guidelines’ sentencing range.” 129 S.Ct. at 844.
In United States v. Johnson, we noted that “[t]he Spears Court ... preemptively halted the spread of the overly-restrictive view of Kimbrough taken by the Eighth Circuit and ‘other courts [that] followed [its] course.’ ” 553 F.3d at 995. Applying Spears, we found that on the record before the Court, there was “no way of ascertaining whether the district judge would have imposed the same sentence if he had known of his discretion to vary categorically from the crack-cocaine Guidelines based on a policy disagreement.” Id. at 996 n. 1. Consequently, we held that “[i]n light of Spears’s recognition that district courts have authority to develop categorical alternatives to the crack-to-powder ratios contained in the Guidelines based upon policy disagreements with the Guidelines, we vacate Johnson’s sentence and remanded for resentencing so the district court could ‘impose a sentence with full awareness of [its] authority.’ ” Id. at 996.
II.
Under Spears and Johnson, a remand is also warranted in the instant case. At sentencing, Porter argued that the then-existing crack cocaine Guidelines that used a 100:1 crack-to-powder ratio created an unwarranted disparity between crack and powder cocaine sentences, and requested that the district court reduce his offense level in light of a proposed amendment to U.S.S.G. § 2D1.1. The government argued against the reduction because the proposed change had not yet been adopted. The court stated, “I’m going to grant the two level reduction making the guidelines 140 to 175. I agree with the proposed — I think the proposed guideline change is— would be an appropriate change.” (Joint Appendix (“J.A.”) at 29.) Porter objected to the sentence, arguing that the reduction was not large enough, and reiterated that argument on appeal.
To be sure, the district court did state that it found the proposed two-level Guideline change to be an “appropriate change.” However, the statement was made within the context of discussing the proposed amendments to the crack cocaine Guidelines. There is no indication that the court was aware of its power, in a “mine-run case” such as this, see Spears, 129 S.Ct. at 844, to grant a reduction beyond the proposed amendments based on its own policy disagreement with the ratio set forth in the Guidelines.[1] Consequently, on the record before us, as’ in Johnson, there is simply “no way of ascertaining whether the district judge would have imposed the same sentence if he had known of his discretion to vary categorically from the crack-cocaine Guidelines based on a policy disagreement.” Id. at 996 n. 1. The question is one of degree: while the district judge recognized that it had the discretion to depart from the Guidelines by considering individualized factors and applying the proposed two-level reduction to Porter’s offense level, this Court cannot reasonably conclude that the sentencing court was fully aware that it had the authority to deviate from the crack-to-powder ratio and apply its own ratio, as did the sentencing court in Spears.
*778 To the contrary, we can fairly assume that the district court did not feel free to vary categorically from the Guidelines based on a disagreement with Congress’ policy decisions, because this case was decided prior to Kimbrough,[2] and pre-Arn-brough precedent in this circuit explicitly forbade the court from doing so. See, e.g., United States v. Smith, 252 Fed.Appx. 20, 29 (6th Cir.2007) (“[T]he district court properly did not address the issue of the sentencing disparity between powder cocaine and crack cocaine.... [A] sentencing court may not reject Congress’s policy decisions.” (emphasis in original)), vacated and remanded by Townsend v. United States, — U.S.-, 128 S.Ct. 2485, 171 L.Ed.2d 764 (2008); United States v. Funk, 477 F.3d 421, 430 (6th Cir.2007) (“[A] district court making sentencing determinations may not implicitly reject Congress’s policy decision to prescribe harsher penalties for career offenders by ignoring or outright rejecting a defendant’s status as a career criminal offender.”); United States v. Ferguson, 456 F.3d 660, 664 (6th Cir.2006) (“A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission.” (citation omitted)).
The majority opinion emphasizes that in Johnson, the district court had stated that “in the court’s judgment, the [c]ourt must apply the guidelines as of November 1st, and obviously that benefits Mr. Johnson to the effect of two levels on the offense level.” Op. at 776 (quoting Johnson, 553 F.3d at 996 n. 1 (emphasis in original)). The use of the term “must” does not carry the significance that the majority assigns to it. It appears that the district court in Johnson was stating, in the context of noting that amended crack cocaine Guidelines had come into effect a mere six days earlier, that it “must” apply the two-level offense level reduction to foreclose an argument that the court should decline to apply such a reduction. There is no indication that the district court in Johnson, as compared to the district court in the instant case, was any more or less aware of its discretion to go beyond a two-level reduction based on a categorical disagreement with the ratio set forth in the Guidelines.
As the majority opinion properly notes, “Porter’s appellate counsel did not have the benefit of Spears or Johnson when he argued this case back on October 29, 2008, but Porter is nonetheless entitled to the benefit of those cases and their reasoning, so long as his case is pending on direct appeal.” Op. at 775 (citation omitted). In such a case, where the sentencing record is at best ambiguous with respect to the district court’s awareness of the scope of its authority and where the case was decided at a time when this circuit had explicitly advised district courts against expressing their views of the crack cocaine Guidelines, a remand to the district court is required. A remand would not mandate a reduction in sentence, it would merely give the district court the option of imposing its original sentence or reducing the sentence light of Spears.[3] The critical point is that the district court’s decision would be made “with full awareness of [its] authority.” See Johnson, 553 F.3d at 996.
III.
For the foregoing reasons, I would vacate Porter’s sentence and remand for re- *779 sentencing in light of Spears. Therefore, I respectfully dissent.

. What little evidence does exist in the sentencing record supports a conclusion that the court was receptive to an argument that the disparity between crack and powder cocaine sentences was unwarranted, but that it limited its analysis of the matter to the proposed amendment.

. The sentencing hearing in the instant case was conducted on May 11, 2007, while Kim-brough was decided on December 10, 2007.

. The pool of potential remands would be limited to cases that were decided before Kimbrough, when this Court had advised against the expression of policy disagreements with the Sentencing Commission, but that are still pending on direct appeal.