NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted February 11, 2009\*
Decided February 24, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| **No**. 08-3302 | Appeal from the United States District Court for the Western District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 05-CR-138-C-01 Barbara B. Crabb, *Chief Judge*. |
| JAMES W. HARPER, *Defendant-Appellant*. | |

### Order

James Harper was sentenced to 204 months' imprisonment for crack-cocaine offenses. Last year we remanded so that the district court could consider how to use the discretion it possesses under *Kimbrough v. United States*, 128 S. Ct. 558 (2007). On remand the judge reduced Harper's sentence to 188 months. He has appealed a second time, but his lawyer proposes to withdraw, concluding after an analysis under *Anders v. California*, 386 U.S. 264 (1967), that there is no non-frivolous issue for appeal. Harper was

---

\* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

invited to respond, see Circuit Rule 51, but has not done so.

We agree with counsel that an appeal would be frivolous. *Kimbrough* holds that district judges possess discretion to reduce sentences for crack cocaine, but that decision and its successors, such as *Spears v. United States*, No. 08-5721 (U.S. Jan. 21, 2009), do not require the judge to grant any, or any particular, reduction. We do not see any reason to think that the district judge misunderstood the extent of her discretion after *Kimbrough* when reducing this sentence by 16 months rather than some different amount, or that the judge took any inappropriate matter into account. The judge gave Harper the benefit of the lower Guideline for crack cocaine recently established by the Sentencing Commission. The sentence, which is at the low end of the range determined under the amended crack-cocaine Guideline, is reasonable.

Any other potential argument was raised and rejected in our prior decision.

We grant counsel's motion to withdraw and dismiss the appeal as frivolous.