BYE, Circuit Judge,
dissenting.
Although I agree with the conclusions reached by my colleagues on all other issues before the court, I believe the district court erred in failing to recognize the full extent of its discretion under Spears v. United States, — U.S. -, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009) and I would therefore reverse and remand for resentencing. In Spears, the Supreme Court held that “district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines” even in a “mine-run case where there are no ‘particular circumstances’ that would otherwise justify a variance from the Guidelines’ sentencing range.” Id. at 843-45.
Here, the district court stated at sentencing:
Some people think that when a judge has discretion ... it means that they can do what they want to do just because they have the power to do it. That is a misconception of what discretion is. Discretion means some leeway. It means that the judge has the authority or the ability to do something a little different that than what might ordinarily be done, and you got to have a reason to do that. You must have a justifiable reason to do that. You can’t do it just because it’s your whim or just because you want to be nice or just because you feel sorry for somebody or because you even have some empathy for them. It has to be justified from the facts and within the law.
This statement indicates to me the district court did not believe it had the authority to vary categorically from the Guidelines on the basis of the crack/powder cocaine sentencing disparity in the absence of “particular circumstances.” As a result of the district court’s failure to adequately recognize the extent of its own authority, I would vacate Parish’s sentence and remand for resentencing, thereby permitting the district court to impose a sentence with full awareness of its authority *494 under Spears. See United States v. Johnson, 553 F.3d 990, 996 (6th Cir.2009).
I therefore respectfully dissent.