KAREN NELSON MOORE, Circuit Judge,
dissenting.
For the reasons stated in my concurring opinion in United States v. Franklin (Franklin II), 499 F.3d 578, 587-89 (6th Cir.2007) (Moore, J., concurring), I respectfully dissent from Part II.A. I believe that the district court should be able to consider the mandatory seven-year sentence for brandishing a firearm in violation of 18 U.S.C. § 924(c) when the court evaluates the 18 U.S.C. § 3553(a) factors in fashioning the additional appropriate sentence to be imposed for the other counts of conviction. My earlier reasoning is supported by the additional discretion afforded to sentencing courts in Spears v. United States, — U.S.-, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009); Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007); and United States v. Camacho-Arellano, 614 F.3d 244, 247-51 (6th Cir.2010).
With respect to the issue of post-sentencing rehabilitation addressed by the majority in Part II.B., I believe that the prudent course is for the panel to delay resolution until the Supreme Court provides guidance in United States v. Pepper, 570 F.3d 958 (8th Cir.2009), cert. granted, — U.S. —, 130 S.Ct. 3499, — L.Ed.2d - (2010). Pepper likely will clarify the viability of the cases relied upon by the majority, and we should resolve Franklin’s sentencing appeal with the benefit of that clarification.
Therefore, I respectfully dissent.