FILED
United States Court of Appeals
Tenth Circuit

September 24, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

KEVIN CHISM,

     Defendant-Appellant.

No. 09-3375
(D.Ct. No. 2:07-CR-20099-JWL-6)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.


Appellant Kevin Chism pled guilty to three counts of drug trafficking, including: (1) conspiracy to distribute 1,000 kilograms or more of marijuana and

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

five kilograms or more of cocaine; (2) attempted possession with intent to distribute 500 grams or more of cocaine; and (3) the use of a communication facility to facilitate a drug trafficking crime. The district court sentenced him to concurrent sentences of 235 months imprisonment on the conspiracy and possession counts and a concurrent sentence of forty-eight months imprisonment on the communication count. Mr. Chism now appeals the procedural reasonableness of his 235-month sentences, arguing the district court erred when it applied cocaine base (crack cocaine), instead of powder cocaine, to which he pled guilty, when assessing his relevant conduct under United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 2D1.1. He also appeals the substantive reasonableness of his 235-month sentences, arguing the district court abused its discretion when it denied his request for a downward variance despite the sentencing disparities between crack and powder cocaine crimes. We exercise our jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.

## I. Factual and Procedural Background

An investigation into the activities of a drug trafficking organization in the Kansas City, Kansas area disclosed the involvement of Mr. Chism as a major marijuana and cocaine purchaser. Numerous intercepted telephone calls of conversations between Mr. Chism and his supplier revealed Mr. Chism agreed to receive and/or did receive at least 16.7 kilograms of cocaine and 140 pounds of

-2-

marijuana from that supplier. During those multiple telephone calls, Mr. Chism also discussed problems he and his customers were experiencing in converting the powder cocaine into crack cocaine based on its purity.

Multiple indictments issued naming Mr. Chism and others in the conspiracy and charging them with multiple counts of drug trafficking and other crimes. On May 11, 2009, Mr. Chism pled guilty without a written plea agreement to: (1) conspiring to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana and five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), with the penalties prescribed in § 841(b)(1)(A)(ii) and (b)(1)(A)(vii); (2) use of a communication facility to facilitate a drug trafficking crime in violation of 21 U.S.C. § 843(b); and (3) attempted possession with intent to distribute 500 grams or more of cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), with the penalties prescribed in § 841(b)(1)(B)(ii). During the plea hearing, Mr. Chism admitted the amount of cocaine he purchased during the conspiracy exceeded five kilograms and the amount of marijuana exceeded a thousand kilograms.

Following the district court's acceptance of Mr. Chism's plea agreement, a probation officer prepared a presentence report calculating Mr. Chism's sentence under the applicable 2009 Guidelines. The probation officer set his base offense

level at 38 under U.S.S.G. § 2D1.1 for at least 4.5 kilograms of crack cocaine, which he based on the quantity of crack cocaine estimated to have been manufactured by Mr. Chism and/or his purchasers from the sixteen-plus kilograms of cocaine powder he bought from his supplier. In addition, based on Mr. Chism's acceptance of responsibility for the offenses charged, the probation officer included a three-level reduction, for a total offense level of 35. A total offense level of 35, together with a criminal history category of III, resulted in a Guidelines range of 210 to 262 months imprisonment.

According to the presentence report, Mr. Chism filed written objections to the report, including objections "to both the amount and type of drugs attributed to him." Specifically, he argued the government failed to prove he purchased 16.7 kilograms of cocaine powder and "urge[d] the court that he be sentenced on the basis of powder cocaine alone." However, at the sentencing hearing, Mr. Chism's counsel conceded Mr. Chism no longer objected to the amount of *powder* cocaine attributable to him, but only the amount of *crack* cocaine he was accountable for based on his and others' alleged conversion of the powder cocaine into crack cocaine.

In response, the government presented evidence at the hearing in the form of testimony by one of the officers involved in the investigation of Mr. Chism.

Based on the telephone conversations he intercepted during the investigation, the officer stated the estimated sixteen kilograms of cocaine powder attributed to Mr. Chism by the probation officer was extremely conservative. In making this assessment, he testified to the information collected in multiple exhibits which documented each call and the amount of powder cocaine purchased by Mr. Chism. He also testified the intercepted conversations revealed complaints by Mr. Chism on multiple occasions about his difficulty in converting the powder cocaine supplied to him into crack cocaine based on the purity of the cocaine he received from his supplier.

Based on his training and experience, the investigating officer testified people who manufacture and sell crack cocaine generally tend to specialize only in that substance, rather than also selling powder cocaine, so in the instances where Mr. Chism did not complain about the purity of the powder cocaine, the purity was apparently sufficient for him to convert it to crack cocaine. He also stated Mr. Chism's conversations with his supplier were not indicative of those who traffic solely in powder cocaine but, instead, indicated Mr. Chism regularly converted powder cocaine into crack cocaine.

Finally, based on the intercepted conversations between Mr. Chism and his supplier, the officer offered his opinion that Mr. Chism produced more than the

4.5 kilograms of crack cocaine assessed by the probation officer, and, instead, he believed Mr. Chism's crack cocaine production from the sixteen kilograms of powder cocaine was at ninety percent, or, in other words, he produced around fourteen kilograms of crack cocaine from the sixteen kilograms of powder cocaine he purchased. Following the government's evidence, Mr. Chism did not offer any evidence on his own behalf.

In ruling on Mr. Chism's objection as to the use and quantity of crack cocaine to calculate his sentence, the district court stated the telephone interception exhibits the investigating officer testified to were "quite persuasive as to what was going on" and established the 4.5 kilograms of crack cocaine contained in the presentence report was a conservative estimate of the amount of crack cocaine produced from the sixteen kilograms of powder cocaine Mr. Chism purchased. It also determined the entire 4.5 kilograms of crack cocaine should be attributed to Mr. Chism, holding it did not "matter legally whether the crack was made by Mr. Chism and then sold as crack to his customers or whether Mr. Chism was selling powder cocaine to customers he knew were converting it into crack," since it was reasonably foreseeable to him they would make crack cocaine.

In addition to this issue, the district court also rejected Mr. Chism's argument a variant sentence was warranted based on the historical sentencing

disparities between crack and powder cocaine, stating:

> I recognize that there has been considerable criticism of the disparity reflected in the guidelines and that Congress and the Sentencing Commission may change or do away with that disparity. If so, the court is confident that any change will be retroact[ive] and that the defendant's sentence will be subject to alteration, but I do not believe it is appropriate for me to attempt to devise my own ratio, *nor do I believe it appropriate to vary in a case such as this one.* I also have a concern about sentencing disparity if Congress and the Commission do not change or do away with the difference, so I will continue to apply the guidelines as representative of a reflection of the Section 3553 factors until such time as Congress and the Commission, in fact, do make a change. Should such a change be made, and should Mr. Chism be otherwise eligible, I would be more than pleased to apply any such change and lower the sentence accordingly. I've done so when the previous amendment was adopted.

The district court also found Mr. Chism's criminal history was not overstated, finding that due to the nature and number of his various convictions and "other brushes with law enforcement" a Category III criminal history was appropriate. It further determined a "midpoint or just under the midpoint" Guidelines-range sentence of 235 months imprisonment for both his conspiracy and possession drug trafficking convictions was sufficient, but not greater than necessary, to carry out Congress's objectives for sentencing in 18 U.S.C. § 3553(a). It based this determination on the following: (1) its findings that the duration and extent of Mr. Chism's drug trafficking activities were understated; (2) Mr. Chism was not a newcomer to drug trafficking; (3) not all of Mr. Chism's drug trafficking telephone calls involving his recent drug trafficking activities

were intercepted so that the drug quantities attributed to him were understated; (4) the seriousness of the offense; (5) the amount of crack cocaine attributable to Mr. Chism was quite a bit greater than the 4.5 kilograms used to calculate his Guidelines range; and (6) Mr. Chism was a convicted felon who possessed weapons found in the residences used by him, even though the district court found an insufficient nexus existed between his drug trafficking and weapons possession to include a firearm enhancement. It then imposed the concurrent 235-month sentences as well as a forty-eight-month concurrent sentence for his conviction for use of a communication facility to facilitate a drug trafficking crime.

## II. Discussion

Mr. Chism now appeals both the procedural and substantive reasonableness of his two 235-month drug trafficking sentences. In support of his argument his sentences are procedurally unreasonable, he summarily contends, with no legal citation in support thereof, that the district court erred in applying crack cocaine to assess his relevant conduct under U.S.S.G. § 2D1.1 instead of applying the powder cocaine to which he pled guilty. While he previously disputed the quantity of 4.5 kilograms of crack cocaine to calculate his base offense level, it does not appear he is continuing to contest the quantity of crack cocaine for which he was held accountable.

In addition to challenging the procedural reasonableness of his 235-month sentences, he also asserts they are substantively unreasonable because the district court abused its discretion when it denied his request for a downward variance based on the sentencing disparities between crack and powder cocaine. In support, he argues the sentencing disparities are historically unfair, as evidenced by *Kimbrough v. United States*, 552 U.S. 85, 110 (2007) (*per curiam*), which he claims recommends the punishment disparity between crack and powder cocaine be substantially reduced. He also provides a lengthy overview of the judicial and legislative history on the sentencing disparities between crack and powder cocaine. In response, the government argues for affirmation of the 235-month sentences.[1]

We review sentences for reasonableness. *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). "Our appellate review for reasonableness includes both

---

[1] The government also suggests Mr. Chism did not previously object to the use of crack cocaine to determine his relevant conduct, but only the amount of crack cocaine used to determine that conduct, so that our standard of review is one of plain error. However, neither party provided Mr. Chism's formal objections to the presentence report in the record on appeal for us to ascertain whether he previously raised this issue. While the sentencing hearing transcript also does not evidence such an objection, the probation officer's summary of Mr. Chism's formal objections suggests he may have raised the issue by stating Mr. Chism "objects to both the amount and *type* of drugs attributed to him" and "urges" the court to base his sentence solely on powder cocaine. (Emphasis added.) Therefore, giving Mr. Chism the benefit of the doubt, we will assume he raised the issue of whether crack cocaine could be used to determine his relevant conduct and therefore decline to apply the plain error standard of review.

a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *Id.* We generally review sentences for reasonableness under a deferential abuse of discretion standard. *See United States v. Kristl*, 437 F.3d 1050, 1054-55 (10th Cir. 2006) (*per curiam*). In determining whether the district court properly applied the applicable Guidelines in calculating the sentence, we generally review its legal conclusions de novo and its factual findings for clear error, *see id.* at 1054, including its determination of the quantity of drugs for which the defendant is held accountable under the Guidelines. *See United States v. Todd*, 515 F.3d 1128, 1135 (10th Cir. 2008). "Drug quantities employed by the district court to calculate the applicable Guidelines range may be said to be clearly erroneous only when the district court's finding was without factual support in the record or we are left with the definite and firm conviction that a mistake has been made." *Id.* (internal quotation marks omitted).

With specific regard to the type of drug used to determine a defendant's relevant conduct, "[i]n the aftermath of *Booker*, we have routinely permitted a district court to enhance a defendant's sentence using uncharged conduct proven to the court by a preponderance of the evidence." *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1131 (10th Cir. 2006). In that respect, we have upheld the use of crack cocaine to calculate a defendant's sentence under the Guidelines

when it was "reasonably foreseeable" or the defendant otherwise intended that powder cocaine would be converted to cocaine base. *See United States v. Angulo-Lopez*, 7 F.3d 1506, 1511-12 (10th Cir. 1993), *superceded on other grounds by United States v. Kissick*, 69 F.3d 1048, 1053 (10th Cir. 1995).

Based on application of the foregoing legal principles, we conclude the district court did not err in using crack cocaine rather than powder cocaine to determine the relevant conduct drug quantities attributable to Mr. Chism. Mr. Chism's uncharged conduct concerning his production of crack cocaine was proven to the court by a preponderance of the evidence and could be used to calculate his sentence. Specifically, the unchallenged evidence established he intended, or it was reasonably foreseeable to him, that the powder cocaine he purchased would be converted into cocaine base. *See Angulo-Lopez*, 7 F.3d at 1511-12. To the extent Mr. Chism is in any way continuing to contest the amount of crack cocaine attributable to him, the district court's finding he purchased sixteen kilograms of powder cocaine and converted it into at least 4.5 kilograms of crack cocaine is supported by the government witness's testimony which the district court clearly deemed credible and to which Mr. Chism offered no contradictory evidence. Because the use and quantity of the crack cocaine for such relevant conduct have factual support in the record, the district court's application of that amount of crack cocaine to calculate Mr. Chism's relevant

-11-

conduct and sentence was not clearly erroneous, nor are we otherwise left with a definite and firm conviction a mistake was made. Similarly, after applying such relevant conduct, we find no other errors in the method by which Mr. Chism's sentence was calculated, and, clearly, his 235-month sentences are within the applicable advisory Guidelines range.

Having determined Mr. Chism's sentence is within the correctly-calculated Guidelines range and therefore procedurally reasonable, we may apply a presumption of substantive reasonableness to his sentence which he must rebut for the purpose of demonstrating his sentence is unreasonable under the § 3553(a) factors. *See Kristl*, 437 F.3d at 1053-55. Mr. Chism attempts to carry his burden of rebutting this presumption by suggesting the district court abused its discretion in failing to grant him a downward variance based on the sentencing disparities between crack and powder cocaine. Generally, whether a sentencing disparity justifies a sentencing variance raises a question of substantive reasonableness we review for an abuse of discretion. *See Smart*, 518 F.3d at 805.

The Supreme Court has recognized no abuse of discretion occurs if a district court concludes the sentencing disparities between powder and crack cocaine would yield a sentence greater than necessary to achieve the purposes of § 3553(a). *See Kimbrough*, 522 U.S. at 110. It has further clarified a district

-12-

court may vary from the Guidelines' crack and powder cocaine sentencing disparities based on a policy disagreement with those Guidelines. *See Spears v. United States,* 129 S. Ct. 840, 843-44 (2009). However, a district court is not required to reduce a defendant's sentence in order to eliminate such a disparity when it acknowledges its discretion to depart and concludes a departure is unwarranted under the circumstances presented. *United States v. Caldwell*, 585 F.3d 1347, 1355 (10th Cir. 2009), *petition for cert. filed* (June 14, 2010) (No. 09-11496).

In this case, the district court declined to grant Mr. Chism a downward variance based on such sentencing disparities, explicitly stating it did not believe it was "appropriate to vary in a case such as this one" and articulating its reasons under 18 U.S.C. § 3553(a) for rejecting the requested variance and imposing a mid-point Guidelines-range sentence. Having concluded a departure was unwarranted under the circumstances presented, it was not required to reduce Mr. Chism's sentence in order to eliminate any such sentencing disparity. It also explained it would reduce Mr. Chism's sentence in the future should Congress and the Commission make changes affecting crack cocaine sentences and he was deemed eligible for such a reduction. For these reasons, we conclude Mr. Chism

has failed to rebut the presumptive substantive reasonableness of his two 235-month sentences or otherwise demonstrate that the district court abused its discretion.

## III.  Conclusion

For these reasons, we **AFFIRM** Mr. Chism's convictions and sentences.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge