NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2599
_____

UNITED STATES OF AMERICA

v.

MICHAEL COATES,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-08-cr-00336-001)
District Judge:  Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 24, 2012

Before:  McKEE, *Chief Judge*, FISHER and GREENAWAY, JR., *Circuit Judges*.

(Filed:  February 23, 2012)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Michael Coates appeals from a judgment of conviction and sentence in the U.S.

District Court for the Middle District of Pennsylvania for production of child

pornography by a parent.  For the reasons stated below, we will affirm.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In the early morning hours of August 13, 2008, Michael Coates ("Coates") called the Bloomsburg Police Department to report that he was receiving text messages from an individual threatening to kill his friend, Addison. Because Addison was located in Ohio, Coates asked the police to help him contact the Ohio authorities. At around 4:30 a.m. that same morning, Coates entered the Bloomsburg police station and met with Officer Steven Persing, who was seated behind a plexi-glass window. Coates told Officer Persing that he had called earlier about the threatening text messages, and that he wanted the Bloomsburg Police Department to verify his story for the Ohio authorities. Officer Persing asked Coates if he should look at the text messages. Coates said yes, and slid his cell phone to Officer Persing through a slot underneath the plexi-glass window.

As Officer Persing attempted to retrieve the text messages, he continued to converse with Coates through the window. Officer Persing testified that he was manipulating the phone with his thumb, but was not paying attention to the phone because he was looking up at Coates. After a couple of minutes, Persing looked down at the phone and saw four images on the screen, at least one of which plainly depicted child

pornography of a young girl performing oral sex on an adult male. Officer Persing did not search the phone any further.

Officer Persing asked a fellow officer, Patrolman Pifer, to escort Coates to an interview room and obtain a written statement about the threatening text messages. After calling his superiors, Officer Persing entered the interview room and told Coates that they had to address the child pornography on the phone. Officer Persing read Coates his Miranda rights, and Coates signed a Miranda form acknowledging that he had been informed of his rights. During the subsequent interview, Coates disclosed that the female child in the image was his two-year-old daughter, and that he was the adult male. He then provided a written statement about the incident. Law enforcement obtained a search warrant, and discovered additional child pornography stored on the phone, including twelve images and a video involving his daughter. Coates was taken into custody.

On September 11, 2008, a grand jury returned a three-count indictment against Coates for the production of child pornography, in violation of 18 U.S.C. § 2251(a) (Count One), production of child pornography by a parent, in violation of 18 U.S.C. § 2251(b) (Count Two), and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) (Count Three). Coates entered a plea of "not guilty," and moved to suppress the evidence obtained from his cell phone as a violation of his Fourth Amendment rights.

Coates owned a "slider" model cell phone called an "LG Chocolate." At the suppression hearing, Officer Persing testified that the phone was in a "closed" position when Coates gave it to him. Officer Persing also testified that as Coates was sliding the phone through the slot, Coates told him that the message would be in his "messages," and that it "should be the first message." Coates testified that he gave the phone to Officer Persing in an "open" position, with the threatening message on the screen. Although a video of the exchange had been recorded by a lobby camera, the video was not preserved.

Ray Colburn, an inmate who had been housed with Coates in the Columbia County Prison, also testified at the hearing. Colburn testified that Coates had asked him if he knew anything about the rules of evidence for cell phones, to which he replied that he did not, and that Coates had then told him that he planned to "beat it on a technicality." According to Colburn, Coates stated that he planned to lie and testify that the phone was open when he handed it to the officer, because the surveillance video had been lost and therefore he could not be discredited.

Crediting the testimony of Officer Persing over that of Coates, the District Court found that the cell phone had been handed over in a "closed" position. *United States v. Coates*, 685 F. Supp. 2d 551, 555 (M.D. Pa. 2010). Finding that Coates "relinquished his phone to Officer Persing without manifesting any privacy concerns," the District Court concluded that Coates did not have a reasonable expectation of privacy in the phone. *Id.*

4

The District Court also concluded that Coates had consented to the search. *Id.* at 556. Based on these findings, the District Court denied the motion to suppress. *Id.*

Coates subsequently modified his plea to "guilty" on Count Two,[1] in accordance with a plea agreement. A Presentence Report ("PSR") calculated his U.S. Sentencing Guidelines offense level as 43, resulting in a Guidelines recommendation for a life sentence. Rejecting Coates's objections to the PSR, the District Court sentenced him to 300 months' imprisonment, to be followed by a 20-year term of supervised release. Coates filed a timely notice of appeal.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Coates raises two arguments on appeal: first, that the District Court erred in denying his motion to suppress; second, that the District Court improperly denied his objections to the PSR and failed to impose a reasonable sentence under 18 U.S.C. § 3553(a). We address these contentions in turn.

"This Court reviews the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercises plenary review of the District Court's application of the law to those facts." *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002) (citation omitted). We exercise plenary review over the District Court's

---

[1] Coates erroneously states in his brief that the offense of conviction was 18 U.S.C. § 2251(a), but Coates actually pled guilty to a violation of 18 U.S.C. § 2251(b).

interpretation of the Sentencing Guidelines, and review factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007). We review sentences for both procedural and substantive reasonableness, applying an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

### III.

### A.

We begin with Coates's motion to suppress evidence obtained from his cell phone. The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. A search does not occur for Fourth Amendment purposes "unless 'the individual manifested a subjective expectation of privacy in the object of the challenged search,' and 'society [is] willing to recognize that expectation as reasonable.'" *Kyllo v. United States*, 533 U.S. 27, 33 (2001) (alteration in original) (quoting *California v. Ciraolo*, 476 U.S. 207, 211 (1986)).

Based on the District Court's factual findings, it is abundantly clear that Coates did not possess a legitimate expectation of privacy in the contents of his cell phone. "Regarding the subjective prong, 'we ask whether the individual, *by his conduct*, has exhibited an actual expectation of privacy,'" *United States v. Correa*, 653 F.3d 187, 190 (3d Cir. 2011) (emphasis added) (quoting *Bond v. United States*, 529 U.S. 334, 338 (2000)), and an individual cannot claim a subjective expectation of privacy in an object voluntarily turned over to third parties. *See Smith v. Maryland*, 442 U.S. 735, 741-43

6

(1979); *United States v. Christie*, 624 F.3d 558, 573-74 (3d Cir. 2010). Nor is such an expectation, if one exists, considered reasonable. *See Smith*, 442 U.S. at 743-44 (listing cases); *United States v. Tyler*, 281 F.3d 84, 94 (3d Cir. 2002).

Coates walked into the Bloomsburg Police Department and voluntarily handed his cell phone over to a police officer. Although he stated that he wanted to show the officer a text message, he did not hold the phone to show the message to the police officer, nor did he navigate to the text message before handing it to the officer, as we would expect of an individual expecting to maintain privacy. And even though the cell phone was in a closed position, Coates did not instruct Officer Persing how to navigate to the text message from the start screen, nor did he say anything during the period that Officer Persing was attempting to access the message. Coates freely and knowingly exposed the contents of his cell phone to law enforcement, without manifesting any expectation of privacy therein, and "[w]hat a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351 (1967) (citations omitted); *see Correa*, 653 F.3d at 191.

That Coates handed the phone over with the intent of sharing one specific text message is of no import in this case. By voluntarily handing his phone to the police, without any instructions on how to manipulate it, Coates "assumed the risk" that Officer Persing might stumble upon the incriminating images. *See United States v. King*, 604

7

F.3d 125, 136-37 (3d Cir. 2010) (holding that because defendant placed a hard drive in a shared computer, he "assumed the risk" that contents would be shared with police).

Moreover, that Coates did not expressly consent to the disclosure of additional content does not mean that Officer Persing exceeded the scope of the consent. The scope of consent is measured by what a "typical reasonable person [would] have understood by the exchange between the officer and the subject," not the speaker's subjective intent. *Florida v. Jimeno*, 500 U.S. 248, 251 (1991) (citations omitted). Here, Coates told the police that the text message existed, but did not navigate to it for Officer Persing or instruct Officer Persing on how to reach it. A reasonable person would have understood Coates to have given consent *to navigate* his phone to reach the text message, which is precisely what Officer Persing did. Therefore, Officer Persing's inadvertent viewing of the pornographic images, which happened to be in plain view when he looked at the phone, did not exceed the scope of that consent.

Coates suggests that we should second-guess the District Court's decision to credit the testimony of Officer Persing, principally because it would be difficult to inadvertently end up in the "photo" segment of his phone while looking for a text message. But this argument is an exercise in futility: the District Court found that Officer Persing was unfamiliar with the LG Chocolate model, and *not paying attention to the phone* while he navigated through its menus. Rather, Officer Persing conversed with Coates the entire

8

time, and under such circumstances, the District Court did not clearly err in crediting his testimony over that of Coates.[2]

In sum, our review reveals no error in the result reached by the District Court. The "underlying facts" were not erroneously found. *See United States v. Brown*, 595 F.3d 498, 514 (3d Cir. 2010). Nor were the legal conclusions "made in light" of those facts reversible error. *See id.*

### B.

We move next to the sentencing issues. Coates argues that the District Court erred in overruling his objections to several sentencing enhancements, and failed to impose a reasonable sentence in light of 18 U.S.C. § 3553(a). We review a criminal sentence in "two stages." *Tomko*, 562 F.3d at 567. We first review for procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Second, in the absence of procedural error, we

---

[2] Coates's other attempts to discredit Officer Persing are equally unavailing. Time stamps on text messages received that morning did not overlap with the period in which Officer Persing was manipulating the phone, and are therefore not inconsistent with Officer Persing's testimony that he did not receive any text messages on the phone during that time. Furthermore, allegations of impropriety against the Government directly contradict Coates's prior statements that he did not think the Government had purposefully misplaced evidence.

review for substantive reasonableness, and "will affirm [the sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

Coates first contends that the District Court improperly calculated his Guidelines offense level by erroneously applying three sentencing enhancements under U.S.S.G. § 2G2.1(b). He argues that two-level enhancements under § 2G2.1(b)(2)(A) – for an offense involving the commission of a sexual act or sexual contact – and § 2G2.1(b)(3) – for an offense involving distribution of child pornography – "double counted" factors already incorporated into the offense of conviction. Because double-counting concerns the application of two Guidelines provisions which account for the same conduct, *see United States v. Wong*, 3 F.3d 667, 669-70 (3d Cir. 1993), rather than the application of an enhancement for conduct constituting an element of the crime, *see United States v. Yeaman*, 194 F.3d 442, 464-65 (3d Cir. 1999), we interpret this as an argument that such enhancements replicate factors included in the *base offense level* provided in § 2G2.1. However, the Guidelines expressly indicate where such double counting is prohibited, *see United States v. Fisher*, 502 F.3d 293, 309 (3d Cir. 2007) (quoting *Wong*, 3 F.3d at 670), and they lack any such indication here. Moreover, because § 2G2.1 also applies to offenses that do *not* require conduct underlying the contested enhancements, *see, e.g.*, 18 U.S.C. § 1591(a), the sentencing enhancements do not double count conduct which the base offense level has already taken into account. We reject this argument accordingly.

10

Coates also argues that the depictions of child pornography involving his daughter do not "portray sadistic or masochistic conduct," and therefore a four-level enhancement under U.S.S.G. § 2G2.1(b)(4) was improper. We find no flaw in the District Court's definition of "sadism" as "a sexual perversion in which gratification is obtained by the infliction of physical or mental pain on others (as on a love object)," and agree that the enhancement was properly applied. Coates asserts that the District Court erred in finding that one of the images depicted him vaginally penetrating his daughter with his penis. Even assuming *arguendo* that he is correct, Coates does not dispute that another image depicted him placing his erect penis in his daughter's mouth, or that he took at least twelve photographs of his daughter engaging in coerced sexual conduct. Sadism is not limited, as Coates apparently assumes, to "vaginal or anal penetration," and we find the enhancement equally applicable for the image of oral sex and the collection of images as a whole. As the District Court noted, "if this is not a sadistic act, we struggle to imagine a better descriptor for Defendant's behavior."

Coates next alleges error in the District Court's consideration of the sentencing factors provided in 18 U.S.C. § 3553(a). He argues that the District Court erred by failing to adequately consider his mental health and drug history, and by punishing him to the same extent as a large-scale offender. However, "[a] sentencing court does not have to 'discuss and make findings as to each of the § 3553(a) factors,'" and the record makes clear that the Court thoroughly considered all factors, concluding that the offense was not

11

aberrational and that the underlying conduct was exceptionally serious. *Tomko*, 562 F.3d at 568 (citation omitted). Furthermore, the District Court did not treat the Guidelines as mandatory, but rather lowered the Guidelines recommendation of "life" to 300 months' imprisonment, 60 months below the statutory maximum. In sum, we find no procedural error.

Additionally, we cannot say that no court would have handed down a 300-month term for the reasons provided. We reject the suggestion that simply because a district court *may* vary in individual cases from a Guidelines recommendation "based on *policy* disagreement," *Spears v. United States*, 555 U.S. 261, 264 (2009); *see United States v. Grober*, 624 F.3d 592, 607-09 (3d Cir. 2010), the District Court in this case was bound to do so. *See Grober*, 624 F.3d at 609. As a parent who engaged in repeated sexual conduct with his two year-old daughter, and who photographed, filmed, and shared recordings of this conduct, Coates – unlike the defendant in *Grober* – engaged in far more than a run-of-the-mill offense. The District Court was well within its discretion in finding that a 300-month sentence was appropriate. We decline to find the sentence substantively unreasonable, and reject Coates's sentencing arguments accordingly.

IV.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

12