NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 8, 2017
Decided August 22, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 17-1013

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee*, <br><br> *v.* <br><br> MARIO MENDOZA-VALLES, <br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Western Division. <br><br> No. 15 CR 50040 <br><br> Philip G. Reinhard, <br> *Judge*. |

**O R D E R**

Mario Mendoza-Valles does not know how to take "no" for an answer. He is a citizen of Mexico who repeatedly has come to the United States without authorization, and has repeatedly (we are told a dozen times) been removed back to Mexico. Although he has not been prosecuted for several of his illegal reentries, the present case represents his fifth felony conviction for violating 8 U.S.C. § 1326. The most recent of those earlier convictions earned him 19 months in a federal prison; he last was removed from the United States in September 2010.

In August 2015, Mendoza-Valles was caught again in the United States, this time as a result of an arrest for driving without a license. The immigration authorities found

out about the arrest; he was indicted for yet another violation of section 1326(a) and (b)(1); and he pleaded guilty. Before his sentencing hearing, the probation office prepared the usual report. The responsible officer used the 2015 edition of the U.S. Sentencing Guidelines and calculated an advisory range of 15 to 21 months' imprisonment, based on an offense level of 10 and a criminal history category IV (reflecting almost exclusively his repeated immigration offenses). The offense level included a four-level upward adjustment that applies to persons who unlawfully reenter the United States after a prior removal, see U.S.S.G. § 2L1.2(b)(1)(D) (2015 ed.). Without that adjustment, the advisory imprisonment range would have been 6 to 12 months.

At each of two presentencing status hearings, the district judge warned Mendoza-Valles that he was considering a sentence above the advisory range, for the obvious reason that Mendoza-Valles is a serial violator of the U.S. immigration laws. In response, Mendoza-Valles's lawyer argued that nothing in U.S.S.G. § 2L1.2 directs the sentencing court to assess a harsher sentence if the defendant has more than one conviction for illegal reentry. The judge did not think that a good enough reason to refrain from tailoring the sentence to Mendoza-Valles's personal circumstances, as the judge is entitled—indeed, required—to do under 18 U.S.C. § 3553(a). He chose instead a sentence of 36 months' imprisonment, 15 months above the top of the advisory range. By way of explanation, the judge stated that he had heard over 500 illegal reentry cases, yet had never encountered a defendant who so persistently violated the prohibition against returning. Because the recent 19-month sentence had failed to deter Mendoza-Valles's illegal actions, the judge concluded that a within-range sentence would not be adequate. Although the statutory maximum is 10 years, the judge opted for greater lenience and imposed the three-year (36 month) sentence.

On appeal, Mendoza-Valles challenges only the reasonableness of his sentence. But his basic argument misunderstands the nature of federal sentencing in the wake of *United States v. Booker*, 543 U.S. 220 (2005). The sentencing guidelines are advisory. That means, as the Supreme Court held in *Spears v. United States*, 555 U.S. 261 (2009), that the district court (after correctly calculating the advisory range) is free to disagree with that advice, whether because it thinks the advice bad for the particular defendant, or if it wishes to exercise its authority "to reject and vary categorically from the … Guidelines based on a policy disagreement with those Guidelines." *Id.* at 266. The fact, therefore, that there are certain technical differences between the 2015 and the 2016 version of U.S.S.G. § 2L1.2, and that neither version adds additional offense levels for successive convictions of the statute, is beside the point.

The judge here did everything he was supposed to do: he calculated the guidelines range by the book (and Mendoza-Valles does not argue otherwise); he examined the factors under 18 U.S.C. § 3553(a), placing special weight on Mendoza-Valles's history and characteristics, the need for deterrence, and the need to protect the public from further crime, see § 3553(a)(1), (2)(B) and (C); and he chose a sentence designed to serve those purposes and at the same time respect the statutory limits. We have no hesitation in holding that the resulting sentence was a reasonable one—indeed, if anything it strikes us as lenient. We hope, as did the district judge, that Mendoza-Valles will get the message this time and keep his promise to make a new life in Mexico.

The judgment of the district court is AFFIRMED.