**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2900
_____

UNITED STATES OF AMERICA

v.

MICHAEL FIELDS,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1:24-cr-00036-001)
District Judge: Honorable Christine P. O'Hearn
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 16, 2025

Before: BIBAS, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*.

(Opinion filed: September 25, 2025)
_____

OPINION*
_____

MONTGOMERY-REEVES, *Circuit Judge*.

Michael Fields pleaded guilty to three offenses relating to his possession of

firearms as a convicted felon and his possession of controlled substances with an intent to

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

distribute.[1] Fields and the Government entered a plea agreement that stipulated to a sentencing range of 84 to 108 months of imprisonment. The District Court calculated a Guidelines range of 262 to 327 months of imprisonment. But the District Court varied downward, adjusted Fields's Guidelines range to 144 to 165 months, and sentenced Fields to 150 months of imprisonment. Fields appealed.[2]

Fields argues that the District Court's sentence is substantively unreasonable. We review Fields's substantive reasonableness argument for an abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). That requires us to affirm "unless no reasonable sentencing court would have imposed the same sentence on [Fields] for the reasons the district court provided." *Id.* at 568. A sentencing court acts reasonably when "the record as a whole reflects rational and meaningful consideration of the factors" in 18 U.S.C. § 3553(a). *Id.* (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). We also remain cognizant that "what is 'reasonable' under . . . the abuse-of-discretion standard by which [sentencing judgments] must be judged limits the debate and gives district courts broad latitude in sentencing." *Id.* (quotation omitted).

---

[1] Count one charged Fields with possession of firearms and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1); count two charged Fields with possession of controlled substances with intent to distribute, 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and count three charged Fields with possession of firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i).

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Fields acknowledges that the District Court thoroughly reviewed the § 3553(a) factors. He instead argues that it should have varied further downward. Fields argues that sentencing disparities associated with cocaine base alone justified the District Court's downward variance to an adjusted Guidelines range of 144 to 165 months; thus, other mitigating circumstances under § 3553(a) supported a lower sentence than the 150-month sentence imposed.[3] Specifically, Fields argues that the District Court discounted how the COVID-19 pandemic led to Fields becoming unemployed and thereby contributed to his commission of the underlying offenses.

We disagree with Fields that no reasonable sentencing court would have sentenced him to 150 months of imprisonment. The District Court, among other things, (1) reviewed Fields's extensive criminal history; (2) discussed the serious nature of the offenses; (3) acknowledged Fields's childhood trauma and recent tragedies such as the murder of his daughter and significant other; (4) explained why Fields's successful completion of a reentry program cut both ways because he quickly returned to committing serious crimes; and (5) decreased Fields's offense score not only to eliminate any disparity associated with cocaine base but also to address Fields's mitigating circumstances. The District Court acknowledged how the COVID-19 pandemic caused

---

[3] Cocaine and cocaine base (that is, "powder" and "crack" cocaine) yield differing treatment under the Guidelines, which "requir[e] one hundred times more powder[] cocaine than crack cocaine to trigger inclusion in a particular range." *United States v. Gunter*, 462 F.3d 237, 240 (3d Cir. 2006) (citing 21 U.S.C. § 841(b)(1)). District judges may "reject and vary categorically from the crack cocaine Guidelines," *Spears v. United States*, 555 U.S. 261, 266 (2009) (per curiam), to remedy "the crack/powder disparity . . . even in a mine-run case," *Kimbrough v. United States*, 552 U.S. 85, 110 (2007).

Fields to become unemployed. But the District Court balanced that fact with the need to protect the public from the serious nature of the offenses and accounted for the need for general and specific deterrence given Fields's recidivism. All said, we cannot say that the District Court abused its discretion when imposing Fields's sentence given its careful and meticulous consideration of the § 3553(a) factors. *Tomko*, 562 F.3d at 568. Thus, we will affirm the judgment of the District Court.