NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 09-3693
_____

UNITED STATES OF AMERICA

v.

FRANCISCO ARCEO-GARCIA
also known as FRANCISCO ARCEO,
also known as JESUS RODRIGUEZ,
also known as JESUS NOYOLA,
also known as FRANK GARCIA

Francisco Arceo-Garcia
Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 2-09-cr-00239-001
District Judge:  Hon. J. Curtis Joyner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2010

BEFORE:  SCIRICA, STAPLETON and ROTH, *Circuit Judges*

(Opinion Filed: November 5, 2010)

_____

STAPLETON, *Circuit Judge*:

Appellant Francisco Arceo-Garcia ("Arceo") pled guilty to illegal reentry into the United States. He was sentenced to a term of imprisonment of 48 months.

In his sentencing memorandum and at his sentencing hearing, Arceo, an illegal immigrant deported three times previously for unlawful entry into the U.S., argued for a downward variance from his sentencing guidelines range of 46-57 months based on several factors: his cooperation with the government, the "undue severity" of the sixteen level enhancement under U.S.S.G. § 2L1.2(a) for a prior drug trafficking conviction, and the sentencing disparities among fast-track and non-fast-track immigration districts. Arceo's fast-track sentencing disparity argument was the subject of considerable debate at the sentencing hearing, and the District Court directed a number of questions to counsel concerning it. At the conclusion of the hearings, the District Court rejected the downward variance request but did not address the sentence disparity argument or either of the other factors, stating only "[i]n reference to the defendant's motion for this court to grant a downward variance, that motion is denied." App. 144-45.[1] In his consideration of § 3553 factors, the District Court discussed only the nature and circumstances of the offense, the defendant's "involvement with the criminal justice system," and the need to punish him and deter others. App. 145-47.

Although the District Court may well have carefully considered the fast-track argument and decided that the defendant did not merit any benefit from such a theory, there is an insufficient record to support such a conclusion. Indeed, the record,

---

[1] Arceo-Garcia has only appealed on the basis of the fast-track disparity argument.

particularly when viewed in the context of our case law at the time, is entirely consistent with the District Court's having reached the result that it did because it believed it was without authority to consider Arceo's fast-track disparity argument.

Section 3553(a)(6) of Title 28 of the United States Code provides that in sentencing defendants district courts should consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." In *United States v. Vargas*, 477 F.3d 94, 96 (3d Cir. 2007), which represented the law of our circuit at the time of Arceo's sentencing, the defendant argued that "his sentence created an 'unwarranted disparity' in light of the 'fast- track' programs available to defendants in some other districts." The District Court refused to consider such disparity in the course of reaching its sentence. We affirmed and agreed with its reasoning for doing so:

> [W]e agree with the District Court when, in addressing Vargas' § 3553(a)(6) claim, it stated the following: "[W]hat are prohibited under 3553 are unwarranted sentencing disparities. And I think the other two branches of Government, the legislative and executive, have made it clear that in their view these are *warranted* sentencing disparities. App. at 130-31 (emphasis added). That is, we agree that any sentencing disparity authorized through an act of Congress cannot be considered "unwarranted" under § 3553(a)(6).

*Vargas*, 477 F.3d at 99-100. In reaching our conclusion, we cited cases from nine of our sister circuits which reached a similar conclusion based on Congress's approval of fast-track programs in the PROTECT Act.

Shortly after Arceo's sentencing, this Court revisited the fast-track disparity issue in *United States v. Arrelucea-Zamudio*, 581 F.3d 142 (3d Cir. 2009). In that case, we

3

addressed the Supreme Court's intervening decision in *Kimbrough v. United States*, 552

U.S. 85 (2007), and *Spears v. United States*, ___ U.S. ___, 129 S. Ct. 840 (2009), and the

ensuing circuit split regarding the effect of these decisions on the propriety of a

sentencing court considering fast-track disparity.  While we did not overrule *Vargas*, we

recognized the necessity of clarifying its holding:

> We must clarify *Vargas* post-*Kimbrough*, however, to
> the extent that is has been read – as the District Court did here
> – as prohibiting a sentencing court's discretion to consider a
> fast-track disparity argument because such a disparity is
> warranted by Congress under§ 3553(a)(6).  That
> interpretation is no longer the view of our Court in light of
> *Kimbrough*'s analytic reasoning.
>
> The fast-track issue should not be confined to
> subsection (a)(6), which concerns "avoid[ing] unwarranted
> sentencing disparities."  Instead, we hold that a sentencing
> judge has the discretion to consider a variance under the
> totality of the § 3553(a) factors (rather than one factor in
> isolation) on the basis of a defendant's fast-track argument,
> and that such a variance would be reasonable in an
> appropriate case.

*Arrelucea-Zamudio*, 581 F.3d at 149 (footnote omitted).  Because the District Court in

*Arrelucea-Zamudio* had understandably read *Vargas* as precluding acceptance of the fast-

track disparity argument in all cases, we remanded to provide it with an opportunity to

reconsider that argument in the course of resentencing.

Given the context of the sentencing in this case and the District Court's failure to

give any affirmative indication of an understanding that it was authorized in appropriate

circumstances to give weight to fast-track disparities, we are unable to exercise our

review responsibilities.  Accordingly, as in *Arrelucea-Zamudio*, we will remand to the

4

District Court to afford it an opportunity to clarify its position in light of our decision there.

While the court would be within its discretion to sentence Arceo to a within-Guidelines sentence, and the court gave adequate reasons of punishment and deterrence for sentencing Arceo as it did, the court committed procedural error in not ruling on the defendant's disparity argument. When a matter is controverted, the District Court must state on the record its reasons for denying a defendant's motion, Fed. R. Crim. P. 32(i)(3)(B); *United States v. Wise*, 515 F.3d 207, 216 (3d Cir. 2008).

We will vacate the judgment of sentence and remand for further proceedings consistent with this opinion.