<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4859**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MICHAEL LAMONT BOOMER,

              Defendant - Appellant.

**No. 09-7412**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MICHAEL LAMONT BOOMER,

              Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:04-cr-00089-HEH-1)

Submitted:  October 29, 2010     Decided:  November 19, 2010

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

————————————

Mark Bodner, Fairfax, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lamont Boomer appeals from the district court's orders imposing a new sentence after granting 28 U.S.C.A. § 2255 (West Supp. 2010) relief and Boomer's motion for a sentence reduction under 18 U.S.C. § 3582(c) (2006). We vacate the orders and remand for resentencing consistent with this opinion.

On appeal, Boomer contends that the district court erred in failing to consider his request for a sentence reduction based on the sentencing disparity between crack and powder cocaine when imposing sentence. The district court does not err if, when sentencing a defendant, it concludes "that the crack/powder disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.] § 3553(a)'s [(2006)] purposes." Kimbrough v. United States, 552 U.S. 85, 110 (2007). Rather, under the advisory Sentencing Guidelines, "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." Spears v. United States, ___ U.S. ___, 129 S. Ct. 840, 843-44 (2009). The district court is not required to apply a one-to-one ratio; Spears merely permits a district court to substitute its own ratio if it determines the sentencing disparity is unwarranted.

3

We review a sentence for reasonableness under an abuse of discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. <u>Id.</u> Procedural reasonableness is determined by reviewing whether the district court properly calculated the defendant's advisory Guidelines range and then considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. <u>Id.</u> at 49-51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009).

Here, the district court did not explicitly address Boomer's sentencing disparity argument. In fact, the court stated that "the crack disparity will be considered with respect to the motion under 3582(c)." Although it is possible that the court recognized its discretion to vary downward and decided that the two-level reduction in the upcoming 3582(c) proceeding would be sufficient, the record is silent on the court's reasoning on this issue.

We conclude that the record is insufficient to determine whether the district court knew that it had the

4

discretion to consider the sentencing disparity and, if so, what its reasoning was in deciding to decline to exercise its discretion. We therefore vacate the sentencing and § 3582(c) orders and remand the sentence for the district court to address Boomer's sentencing disparity argument. We note that the district court may then need to revise its decision when reentering its order regarding the § 3582(c) motion. However, we do not express an opinion on the merits of Boomer's sentencing disparity argument or the resolution of the § 3582(c) motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

5