CALLAHAN, Circuit Judge,
concurring in the result:
I agree with my colleagues that because the district judge’s ruling on the extent to which he could exercise his discretion in departing from the Guidelines for child pornography was not clear, a remand is appropriate. I write separately because I disagree with the majority’s suggestion that the district court is free to disagree with the Guidelines for child pornography on policy grounds without explaining its disagreement. I disagree because I do not find that the Guidelines for child pornography are similar to the crack cocaine Guideline considered by the Supreme Court in Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) and Spears v. United States, 555 U.S. 261, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009).
As noted by the majority, the Supreme Court in United States v. LaBonte, 520 U.S. 751, 757, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997), recognized that the ultimate authority for establishing sentences and guidelines rests with Congress and even when Congress delegates its authority to the Sentencing Commission, that discretion “must bow to the specific directives of Congress.” As a general principle, a district court is not free to disregard a sentence or Guideline, established by Congress either directly or through the Commission solely because the court disagrees with the sentence or Guideline. Rather, as the Supreme Court has made clear, a sentencing court in determining the appropriate sentence may consider a Guideline’s nature and lineage, but must set forth its reasons for the imposition of the sentence in the individual case.[1] Without such an explanation, neither we nor the public will be able to determine whether the sentence was constitutionally reasonable.
The Supreme Court has allowed something of an exception to this general approach for the Guideline for crack cocaine. See Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) and Spears v. United States, 555 U.S. 261, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009). However, Guideline § 2G2.2 for possession of child pornography is not sufficiently similar to the crack cocaine Guideline, in its nature or lineage, to fit comfortably within this exception. The crack cocaine Guideline “employed a 100-to-l ratio that yields sentences for crack offenses three to six times longer than those offenses involving equal amounts of [cocaine] powder.” Kimbrough, 552 U.S. at 86, 128 S.Ct. 558. Moreover, the Commission over a number *967 of years consistently opposed the use of this ratio. Id.
In contrast, the Guidelines for convictions for possessing child pornography are considerably more nuanced than the 100— to-1 ratio for crack cocaine.[2] Furthermore, as may be gleaned from the majority’s opinion, the Commission has for the most part agreed with, or at least gone along with, Congress’s decisions to increase the sentences for possession of child pornography.
It follows that a sentencing court may not simply state that it disagrees with the child pornography Guidelines on policy grounds. At a minimum, some further explanation is necessary. The sentencing *968 court should indicate, for example, whether it disagrees with “the two-level computer enhancement,” “the seven-level enhancement for those who distribute child pornography to a minor to persuade him or her to engage in sexual conduct,” “an enhancement of four levels for possession of images of sadistic or masochistic conduct,” or “an enhancement varying between two and five levels based on the number of child pornographic images.” See majority opinion pp. 962. Although the Commission may have expressed some concern with the first of these enhancements, it is not clear that it has any concerns with any of the other enhancements.
This is not to suggest that the sentencing court may not disagree with a particular aspect of a sentencing Guideline on policy grounds. The Supreme Court has recently explained:
To be sure, we have recognized that the Commission post -Booker continues to “filll] an important institutional role” because “[i]t has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise.” Kimbrough, 552 U.S. at 109, 128 S.Ct. 558, ... (internal quotation marks omitted). Accordingly, we have instructed that district courts must still give “respectful consideration” to the now-advisory Guidelines (and their accompanying policy statements). Id. at 101, 128 S.Ct. 558,.... As amicus acknowledges, however, our post-Boofcer decisions make clear that a district court may in appropriate cases impose a non-Guidelines sentence based on a disagreement with the Commission’s views. See id. at 109-110, 128 S.Ct. 558,.... That is particularly true where, as here, the Commission’s views rest on wholly unconvincing policy rationales not reflected in the sentencing statutes Congress enacted. Pepper v. United States, — U.S. -, 131 S.Ct. 1229, 1247, 179 L.Ed.2d 196 (2011) (parallel citations omitted).
However, the implicit limitations in this statement are made clear by Justice Breyer when he emphasizes in his concurring opinion in Pepper:
the law permits the court to disregard the Guidelines only where it is “reasonable” for a court to do so. Booker, supra, at 261-262, 125 S.Ct. 738; Gall v. United States, 552 U.S. 38, 51-52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); Kimbrough v. United States, 552 U.S. 85, 109, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). And an appellate court must be guided by the basic sentencing objectives of the statutes that create the Guidelines in determining whether, in disregarding the Guidelines, the sentencing court has acted unreasonably.
131 S.Ct. at 1252 (emphasis added) (parallel citations omitted). A sentencing court may “impose a non-Guidelines sentence based on a disagreement with the Commission’s views” only “in appropriate cases” where “the Commission’s views rest on wholly unconvincing policy rationales not reflected in the sentencing statutes Congress enacted.”
These statements inform our understanding of the Supreme Court’s explanation in Spears, that Kimbrough authorized a sentencing court “to vary from the crack cocaine Guidelines based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case.” 555 U.S. at 264, 129 S.Ct. at 843 (italics in original). The Supreme Court appears to be stating that a court need not link its policy disagreement with the 100-to-l ratio to the individual characteristics of the particular defendant. However, the Court did not state that the district court does not have to set forth its *969 policy disagreement. Without such a statement how can an appellate court determine, even under the deferential standard of review, whether the sentence is reasonable? An explanation of the policy disagreement is particularly important when the sentencing court disagrees with a Commission Guideline other than the 100-to-1 ratio, as the court may “disregard the Guidelines only where it is ‘reasonable’ for a court to do so.” Pepper, 131 S.Ct. at 1252 (Justice Breyer concurring).
Unlike the simple 100-to-l ratio at issue in Kimbrough, the Guidelines for convictions for possession of child pornography contain a mixture of provisions based on legislation and Commission action, some of which the Commission has questioned and others which the Commission has endorsed or acceded to, but none of which have been held by the Supreme Court to be “wholly unconvincing policy rationales not reflected in the sentencing statutes Congress enacted.” Id. at 1247. Without a statement of the sentencing court’s reasons for its imposition of a sentence that does not follow the applicable Guidelines, we cannot determine whether the sentence is reasonable.
I would adopt a procedure along the lines set forth by the Third Circuit in United States v. Grober, 624 F.3d 592, 600 (3rd Cir.2010):
the Guidelines reflect the Sentencing Commission’s “rough approximation of sentences that might achieve § 3553(a)’s objectives.” [Rita v. United States, 551 U.S. 338] at 350 [127 S.Ct. 2456, 168 L.Ed.2d 203] [ (2007) ].... If a district court concludes that those objectives are not achieved by a sentence within the ... Guideline range, and that belief is driven by a policy disagreement with the [particular Guidelines] provision, then the court must explain why its policy judgment would serve the § 3553(a) sentencing goals better than the Sentencing Commission’s judgments. In doing so, he should take into account all of the sentencing factors, not just one or two of them in isolation. We require this explanation so that, on appeal, we can determine whether the court’s disagreement is valid in terms of the § 3553 factors, the Sentencing Guidelines, and the perception of fair sentencing.

Id.

Accordingly, while I agree that the matter should be remanded to the district court for resentencing, I cannot agree that the majority’s suggestion that the Guidelines for possession of child pornography inherently come within the “Kimbrough discretion.”

. In Gall v. United States, 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), the Supreme Court stated that following United States v. Booker, 543 U.S. 220, 260-62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "the Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are 'reasonable.' " The Court further stated that "a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications.” Id.

. United States Sentencing Guideline § 2G2.2 provided:
Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting, Shipping, Soliciting, or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor with Intent to Traffic; Possessing Material Involving the Sexual Exploitation of a Minor
(a) Base Offense Level:
(1) 18, if the defendant is convicted of 18
U.S.C. § 1466A(b), § 2252(a)(4),
§ 2252A(a)(5), or § 2252A(a)(7).
(2) 22, otherwise.
(b) Specific Offense Characteristics
(1) If (A) subsection (a)(2) applies; (B)-the defendant’s conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and (C) the defendant did not intend to traffic in, or distribute, such material, decrease by 2 levels.
(2) If the material involved a prepubescent minor or a minor who had not attained the age of 12 years, increase by 2 levels.
(3) (Apply the greatest) If the offense involved:
(A) Distribution for pecuniary gain, increase by the number of levels from the table in § 2B1.1 (Theft, Property Destruction, and Fraud) corresponding to the retail value of the material, but by not less than 5 levels.
(B) Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, increase by 5 levels.
(C) Distribution to a minor, increase by 5 levels.
(D) Distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity, other than illegal activity covered under subdivision (E), increase by 6 levels.
(E) Distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct, increase by 7 levels.
(F)Distribution other than distribution described in subdivisions (A) through (E), increase by 2 levels.
(4) If the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase by 4 levels.
(5) If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels.
(6) If the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material, increase by 2 levels.
(7) If the offense involved—
(A) at least 10 images, but fewer than 150, increase by 2 levels;
(B) at least 150 images, but fewer than 300, increase by 3 levels;
(C) at least 300 images, but fewer than 600, increase by 4 levels; and
(D) 600 or more images, increase by 5 levels.
(c)Cross Reference
■(1) If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, apply § 2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material; Custodian Permitting Minor to Engage in Sexually Explicit Conduct; Advertisement for Minors to Engage in Production), if the resulting offense level is greater than that determined above.