MURPHY, Circuit Judge,
dissenting.
I must respectfully dissent for the same reasons I did when this case was last before us on a petition for rehearing of our Kane III decision. The case should have been reheard then because under the developing law the district court’s 120 month sentence was neither proeedurally flawed nor substantively unreasonable. United States v. Kane, No. 06-1103 (8th Cir. Jan. 3, 2009) (dissent to order denying panel rehearing). The Supreme Court had made it clear in Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), *1138 that a district court has a primary role at sentencing, and it had subsequently rejected one of our sentencing decisions as a “smuggled-in dish that is indigestible.” See Spears v. United States, 555 U.S. 261, 129 S.Ct. 840, 845, 172 L.Ed.2d 596 (2009). Now, Ruth Kane’s case has been remanded again in light of the Court’s decision in Pepper v. United States, - U.S. -, 131 S.Ct. 1229, 1249, 179 L.Ed.2d 196, - (2011), holding that post sentencing rehabilitation may be considered in resentencing proceedings.
In my view the district court committed no procedural error in sentencing Ruth Kane to 120 months. Substantial record evidence supported its findings that Kane’s extensive history of substance abuse, mental illness, and sexual abuse increased her susceptibility to codefendant Joe Champion’s influence. The presentence investigation report detailed Kane’s former heroin addiction and her abusive husband who “pimped” her out for drug money. Her offenses in this case took place while she was in therapy for anxiety and depression.
Substantial evidence supported the finding that Kane was unlikely to recidivate. Her minimal criminal history was over represented and took place long before her current crimes. While the majority notes that sex offenders generally have a “high and frightening” risk of recidivism, Congress has required courts to assess recidivism risk individually. 18 U.S.C. § 3553(a)(2)(C). The record here reflects that Kane likely poses a lower risk of recidivism than the typical sex offender. When Champion ceased pressuring Kane to provide her daughter for his pleasure, her crimes stopped.
The majority also finds error in the district court’s downward variance because “Champion’s greater culpability ... is not, by itself, sufficient justification” for a downward variance. Maj. Op. at 1135 (emphasis added). This ignores the additional reasons for the district court’s variance which can now include Kane’s considerable post sentencing rehabilitation. Id. at 1133; see Pepper, 131 S.Ct. at 1241. By the time of Kane’s last resentencing she had already earned a GED, had taken parenting classes and hundreds of hours of vocational training, and was in a better physical and mental condition than before incarceration. The district court was also made aware that the daughter who had been victimized by Kane and Champion supported her mother’s early release because it would benefit her family.
In holding the district court’s earlier 120 month sentence substantively unreasonable at this juncture, the majority undercuts the district court’s ability to consider all appropriate factors in fashioning Kane’s resentencing. We should simply remand for resentencing under Pepper.