OPINION
SMITH, Circuit Judge.
In this appeal, Ray Hunter Sutton, Jr., an individual who waived indictment and pleaded guilty to a single count of possession and attempted possession of material depicting the sexual exploitation of a minor, 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), appeals his sentence of 105 months. Sutton claims that his sentence suffers from procedural and substantive deficiencies that require re-sentencing. This Court has jurisdiction over Sutton’s appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
Sutton raises three challenges to his sentence. First, he claims that the sentence was procedurally flawed because the District Court did not address his request for a downward variance. Second, Sutton argues that United States Sentencing Guidelines § 2G2.2 disproportionately elevated his sentencing guideline range. Third, Sutton argues that the 105 month sentence was greater than necessary and a variance was needed to achieve a reasonable sentence. We reject each of these arguments and will affirm the District Court’s judgment.
A district court’s sentencing decision is reviewed for an abuse of discretion. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); United States v. Tomko, 562 F.3d 558, 567 (3d Cir.2009). Appellate review proceeds in two stages. First, this Court “ ‘ensur[es] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range.’ ” Tomko, 562 F.3d at 567. (quoting Gall, 128 S.Ct. at 597). “We do not presume that a district court considered the factors solely because the sentence falls within the Guidelines range.” Id.
At stage two, we examine the substantive reasonableness of the sentence imposed. Id. In doing so, this Court considers “the totality of the circumstances,” and does not “presume that a sentence is unreasonable simply because it falls outside the advisory Guidelines range.” Id. (citing Gall, 128 S.Ct. at 597). “At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness.” Id.
“[Ajbsent any significant procedural error, we must ‘give due deference to the district court’s determination that the § 3553(a) factors, on a whole,’ justify the sentence.” Id. at 568 (quoting Gall, 128 S.Ct. at 597). “In other words, if the ... sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.” Id.
I.
On February 10, 2008, a Pennsylvania State Police trooper conducted an undercover Internet investigation utilizing a peer-to-peer file sharing network known as Gnutella. Gnutella permits a user to search for and download files contained on other Gnutella network users’ computers. The trooper searched the Gnutella network for child pornography and found at least five such images[1] on a computer that *782 was later determined, through tracing the Internet Protocol address, to be owned by-Sutton.
On April 25, 2008, FBI agents and Pennsylvania State Police executed a search of Sutton’s home and seized two laptops and an external USB drive. Later examination of those devices revealed that Sutton possessed multiple images of child pornography and at least 37 videos of child pornography.
On June 27, 2008, a federal information was filed charging Sutton with a single count of possession and attempted possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) on various dates from in or around January 2008 to in or around April 2008. On July 31, 2008, Sutton appeared before the District Court, waived indictment by a grand jury, and entered a guilty plea.
Sutton’s sentencing hearing was held on December 2, 2008. At the outset of the hearing, the District Court noted that it had reviewed Sutton’s psychological evaluation and a letter from his former mother-in-law supporting a lenient sentence. The District Court then asked Sutton if there were any other documents that should be reviewed. Sutton produced a letter from his ex-wife that he had received the day before the sentencing hearing.
After Sutton produced the letter, the District Court permitted Sutton’s counsel to “make some references to ... things that [he thought were] pertinent for the court’s consideration” in sentencing. Sutton’s counsel then highlighted numerous aspects of Sutton’s psychological evaluation, including:
• Sutton’s desire to curtail his unhealthy sexual practices and his guilt and remorse for his crime;
• Sutton’s alcoholism and its effect on his judgment;
• Sutton’s only “moderate risk for re-offending” without therapeutic intervention; and,
• The belief that therapy would help rehabilitate Sutton.
Sutton’s counsel also mentioned the importance of reviewing the personal letters written in support of Sutton and considering Sutton’s sexual abuse as a child when sentencing him.
After reviewing the psychological evaluation, the personal letters, and Sutton’s sexual abuse as a child, Sutton’s counsel argued that U.S.S.G. § 2G2.2 disproportionately elevated Sutton’s sentence. Sutton’s counsel challenged the five-level increase for the number of depictions of child pornography. He argued that the number of depictions of child pornography possessed by the offender has no correlation to “how horrendous a specific offense would be or how likely or unlikely an individual is to re-offend in the future” and that U.S.S.G. § 2G2.2 lacked any “scientific or empirical basis.” Sutton’s counsel also challenged the four-level increase for sadomasochistic depictions based on the same alleged lack of empirical or scientific data.
In response to the number-of-depictions challenge, the Government argued that “it’s just a common sense proposition that if a defendant has 2,000 images, he obviously has a keener interest in child pornography than the defendant that has 200 images.” The Government, in addressing *783 the challenge to the four-level increase for sadomasochistic depictions, stated that the “types of images which ... Sutton ha[d] reflected] greater harm on a child than images that an individual could have which don’t depict those types of things.” The Government also noted, among other things, Sutton’s prior conviction for indecent assault against a 10-year-old child and his ability to hide his interest in child pornography from the people who knew him best.
At that point, the District Court took a short recess, reviewed the letter from Sutton’s ex-wife and then proceeded to address the § 3553(a) sentencing factors. After doing so, the District Court sentenced Sutton to 105 months in prison and fifteen years of supervised release. Sutton now appeals his sentence.
II.

A. The District Court properly considered Sutton’s requests for a variance.

Sutton asserts that the District Court failed to address his request for a variance based on his psychological evaluation, the personal letters written in support of him, and prior sexual abuse he suffered as a child. Sutton also claims that the District Court failed to address his arguments challenging the Sentencing Guidelines’ five-level increase for the number of images and four-level increase for possession of sadomasochistic depictions of child pornography.
The record indicates otherwise. The District Court specifically considered the psychological evaluation, the personal letters written in support of Sutton, and the sexual abuse Sutton suffered as a child, in fashioning the sentence. The challenges to the Sentencing Guidelines raised by Sutton were also considered and rejected. Beyond these considerations, the District Court noted Sutton’s steady employment, the need to protect the public, the need to impose a sentence with sufficient deterrent value, and the need to treat similarly situated defendants in a similar fashion. As a whole, the District Court most certainly “adequately explain[ed] the chosen sentence.” See Gall, 128 S.Ct. at 597.

B. United States Sentencing Guidelines Section 2G2.2 did not disproportionately elevate Sutton’s sentencing guideline range.

Sutton, citing Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 564, 169 L.Ed.2d 481 (2007), argues that U.S.S.G. § 2G2.2 disproportionately elevated his sentencing guideline range. Sutton’s argument is unavailing. First, the Supreme Court’s holding in Kimbrough pertains only to the crack/powder disparity in the Sentencing Guidelines for cocaine. Kimbrough, 128 S.Ct. at 575-76; Spears v. United States, — U.S. —, —, 129 S.Ct. 840, 843, 172 L.Ed.2d 596 (2009) (per curiam) (“[T]he point of Kimbrough [was] the recognition of district courts’ authority to vary from the crack cocaine Guidelines based on a policy disagreement with them.”). Second, even assuming, hypothetically, that the Kimbrough decision pertained to U.S.S.G. § 2G2.2, Sutton’s sentence would not run contrary to the holding of Kimbrough since the District Court neither expressed a policy disagreement with the Sentencing Guidelines nor attempted to give Sutton a below-Guidelines sentence. Indeed, the opposite is true. See Kimbrough, 128 S.Ct. at 575-76. The District Court explicitly agreed with the Sentencing Guidelines and gave Sutton a within-Guidelines sentence.[2]

*784
C. Sutton’s sentence was substantively reasonable.

Sutton also argues that his sentence was substantively unreasonable. Citing his cooperation with authorities, his psychological evaluation, his interest in seeking therapy, and the sexual abuse he suffered as a child, Sutton claims that a downward variance was required to achieve a reasonable sentence. Given that this Court conducts substantive review of the District Court’s sentencing decision by viewing the “totality of the circumstances,” Tomko, 562 F.3d at 567 (citing Gall, 128 S.Ct. at 597), and will affirm “unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided,” id. at 568, this Court concludes that the District Court’s sentence was substantively reasonable.
The District Court considered a variety of circumstances surrounding Sutton’s crime, including all of the issues raised by Sutton in this appeal, in fashioning his sentence. It cited: the seriousness of the crime; the significant number of images and the nature of those images; the sexual abuse Sutton suffered as a child; the personal letters written in support of Sutton; Sutton’s employment; Sutton’s prior conviction for indecent assault; the goal of imposing a sentence that is sufficient but not greater than necessary; the psychological evaluation; the need to treat similarly-situated defendants the same; and Sutton’s rehabilitative potential. Having reviewed all that information, the District Court reached its decision to sentence Sutton to 105 months in prison. As a whole, the record reflects a “rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).” See Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir.2007) (en banc)). Accordingly, this Court rejects Sutton’s argument that his sentence was substantively unreasonable.
III.
Because the District Court acted properly within its discretion in sentencing Sutton to 105 months in prison, and because Sutton’s requests for a downward variance were considered, we will affirm the District Court’s judgment.

. The trooper was able to identify these five images as child pornography by matching the *782 SHA 1 hash value, a kind of digital fingerprint, of each image that Sutton was sharing on the Gnutella network with that of a child pornography image contained in a national database of known images of child pornography used by law enforcement. At the time of the trooper’s investigation, Sutton also appeared to be sharing numerous other files with titles suggestive of child pornography, though those files could not be matched to files from the national database.

. In response to Sutton's argument, the District Court specifically noted: “I do not find that the increase for the number of images or for the nature of the images in any sense unreasonable. And I think it’s rationally related to valid sentencing objectives."