[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2012
JOHN LEY
CLERK

No. 11-12390
Non-Argument Calendar

_____

D.C. Docket No. 7:09-cr-00486-LSC-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER DAVID COBB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 24, 2012)

Before TJOFLAT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

A jury found Christopher Cobb guilty on two counts of a three-count

indictment: Count 1, receiving child pornography, in violation of 18 U.S.C. §

2252A(a)(2), and Count 3, possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The District Court thereafter sentenced Cobb to concurrent prison terms of 210 months on Count 1 and 120 months on Count 3. He now appeals his convictions and total sentence.

I.

Cobb's indictment was the culmination of an investigation supervised by Investigator Richard Wilkins assigned to the Internet Crimes Against Children task force of the Tuscaloosa, Alabama Police Department. As the jury heard at trial, his duties were to "watch over the Internet for the people praying on young children, committing crimes, enticing children through computers, [and] to monitor the peer-to-peer networks such as Limewire, a file-sharing network. A Limewire user downloads Limewire files to his computer and then decides whether to share his files over the network. If he does, he may download files from the network to his own computer and in the process create a "share" folder so that the files will be available to any other user on the Limewire network.

Wilkins's program monitored Internet Protocol (IP) addresses and identified computers that were uploading and downloading images of child pornography. On May 12, 2009, Wilkins's program identified a suspicious IP address and via supoena identified the subscriber as Cobb's mother. Executing a search warrant

for her house on June 2, 2009, Tuscaloosa police seized two computers belonging to Cobb from his bedroom and several CDs, including a pornographic video with the word "teen" in the title. The computers had been accessing Limewire and revealed videos and still images of child pornography. One of the images had a file name including the words "kiddie sex," "preteen little girls," "six year old," "seven year old lolita," and "eight year old." Another image had a file name with the words "children kids hardcore," "childporn," "illegal preteen underage lolita kiddy child incest," and "young naked nude little girl." A week following the search, Cobb, who was present during the search and identified his computers, fled to Mexico; he was arrested a year later in New Mexico.

Cobb challenges his convictions on the ground that the District Court abused its discretion in admitting into evidence Government's Exhibit 11, a CD containing videos and still images of child pornography. Wilkins testified that the videos and images on the exhibit had SHA-1 values matching the SHA-1 values for the files he found on Cobb's computers. "SHA" stands for Secured Hash Algorithm, which is "used to compute a condensed representation of a message or date file." *United States v. Miknevick*, 638 F.3d 178, 181 n.1 (3d Cir. (2011) A SHA-1 value "can act like a fingerprint." *Id.* *See also United States v. Sutton*, 350 Fed. Appx. 780, 781 n.1 (3d Cir. 2009) (a SHA-1 value is "a kind of digital

3

fingerprint") (unpublished). A national data base contains a listing of SHA-1 values for known images of child pornography. Thus, when Wilkins identified file names on Cobb's computers indicative of child pornography, he checked the national database for the SHA-1 values for those files. When he found a match, he concluded that a specific file saved on Cobb's computer contained an image of child pornography.

The district court, pursuant to Federal Rule Evidence 104, found that Exhibit 11 contained videos and images that matched videos and images stored on Cobb's computer. The evidence was obviously relevant and thus admissible, *see* Federal Rule of Evidence 402, unless the District Court's threshold findings—that the videos and images on the computers matched what Wilkins found in the national database—were clearly erroneous. We conclude that they were not. To the extent that Cobb contends that the evidence should have been excluded under Federal Rule of Evidence 403, his contention is meritless. Exclusion of relevant evidence under Rule 403 is an extraordinary remedy, a discretionary call. We find no abuse of discretion in the call the court made, to admit Exhibit 11 into evidence.

II.

Cobb contends that his sentences are unreasonable, that the sentencing factors of 18 U.S.C. § 3553(a) counseled lesser sentences. He is referring to the Count 1 sentence, 210 months' incarceration, which drives the sentencing package. The question is whether the District Court abused its discretion in selecting such term. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445, 451-52 (2007). Cobb's brief does not explain why the 210 prison term is unreasonable. Notwithstanding, given the seriousness of Cobb's conduct and the record before the court at sentencing, we could hardly say that the Count 1 sentence is unreasonable.

AFFIRMED.