[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14301
Non-Argument Calendar

_____

D.C. Docket No. 7:09-cr-00486-LSC-GMB-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER DAVID COBB,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 19, 2021)

Before LUCK, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Christopher Cobb, proceeding *pro se*, appeals the denial of his motion to unseal grand jury transcripts and his signed indictment. In this appeal, Cobb first argues that the District Court that presided over his original criminal action had the duty to ensure that the Assistant United States Attorney (AUSA) that presented evidence to the grand jury took the proper oath of office. But because the District Court allegedly did not, Cobb contends that the grand jury transcripts and signed indictment should be unsealed. He then argues that the District Court applied *United States v. Mechanik*, 475 U.S. 66, 106 S. Ct. 938 (1986)—which holds that a petit jury's guilty verdict means that the criminal defendant is in fact guilty as charged beyond a reasonable doubt—too broadly.

We disagree with Cobb on both points. On the former, the District Court did not abuse its discretion in denying Cobb's motion because there was no currently pending judicial proceeding connected to Cobb's request to unseal. And on the latter, the District Court correctly concluded that any error that may have occurred before the grand jury was harmless beyond a reasonable doubt because a petit jury found Cobb guilty. Accordingly, we affirm.

I.

On October 27, 2010, a grand jury charged Cobb with knowing receipt of child pornography, in violation of 18 U.S.C § 2252A(a)(2) (Count 1), knowing distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count

2

2), and knowing possession of child pornography, in violation of 18 U.S.C § 2252A(a)(5)(B) (Count 3). A jury found Cobb guilty on Counts 1 and 3, but not guilty on Count 2. The District Court sentenced Cobb to a total term of 210 months' imprisonment, and a panel of this Court affirmed Cobb's sentences, *United States v. Cobb*, 479 F. App'x 210, 211–12 (11th Cir. 2012).

In February 2018, Cobb filed a motion purportedly seeking relief under Federal Rule of Civil Procedure 60(b), which provides grounds for relief from a final judgment, order, or proceeding. Cobb's motion asserted that AUSA Mary Ann Gallagher—the prosecutor for Cobb's criminal case—did not file her oath of office and appointment affidavit that provided her with the legal authorization to act as a representative of the federal government. In support, Cobb pointed to a Freedom of Information Act response he received from the Executive Office for the United States Attorneys (EOUSA), which stated that a search for the records Cobb requested "revealed no responsive records" and that the "records ha[d] been destroyed pursuant to Department of Justice guidelines."[1] The District Court denied the motion because Cobb's case had been closed since 2011, and thus the Court "lack[ed] jurisdiction to modify or reduce his sentence."

---

[1] It is worth noting that EOUSA's response to Cobb's FOIA request states only that his request did not turn up an Oath of Office signed by AUSA Gallagher, not that she did not sign one.

So, in December 2018, Cobb filed a motion to unseal the grand jury transcripts and the signed indictment. Cobb claimed that, based on his FOIA request, he had determined that AUSA Gallagher did not have an oath of office on file with EOUSA when she appeared before the grand jury in his case. In support, he attached the FOIA response letter he received from EOUSA that stated that the information he requested had been destroyed pursuant to Department of Justice guidelines. Cobb later filed a second FOIA response he received from EOUSA, which noted that "records of former AUSAs are not maintained by EOUSA upon separation from employment."

The District Court ultimately denied Cobb's motion. Recognizing that it is generally "well-settled policy of federal law that grand jury proceedings remain secret," the District Court found that Cobb had not demonstrated a compelling need for the grand jury materials. Likewise, the Court—relying on *United States v. Mechanik*, 475 U.S. 66, 70, 106 S. Ct. 938, 941–42 (1986)—concluded that any alleged error in the grand jury proceedings would have been harmless beyond a reasonable doubt because the petit jury ultimately found Cobb guilty on Counts 1 and 3.

Cobb timely appealed the denial of his motion to unseal the grand jury transcripts and the signed indictment. But we affirm on two grounds. First, the

4

District Court's denial was not an abuse discretion because no judicial proceeding was anticipated or currently pending that was connected to Cobb's request to unseal.  And second, even if an error occurred before the grand jury, it was harmless beyond a reasonable doubt because a petit jury later found Cobb guilty.

## II.

A district court's refusal to unseal court documents is reviewed for abuse of discretion.  *Romero v. Drummond Co.*, 480 F.3d 1234, 1242 (11th Cir. 2007).  District courts have wide discretion in evaluating whether disclosure of grand jury materials would be appropriate.  *United Kingdom v. United States*, 238 F.3d 1312, 1320 (11th Cir. 2001).

## III.

We'll start with whether Cobb can satisfy the Federal Rule of Criminal Procedure 6(e)(3)(E)(i) exception that permits the disclosure of grand jury materials "preliminary to or in connection with a judicial proceeding."  Fed. R. Crim. P. 6(e)(3)(E)(i).  We'll then turn to whether the error Cobb alleges—assuming that it indeed occurred—is enough to require disclosure in this case.

With a few limited exceptions, the disclosure of grand jury materials must first be authorized by a court.  *See* Fed. R. Crim. P. 6(e)(2), (3).  We have held that, to obtain disclosure of protected grand jury materials, a person must show a "particularized need" for the documents.  *United Kingdom*, 238 F.3d at 1320.

5

Parties seeking grand jury materials "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only the material so needed." *Id.* at 1320–21. Critically, under Rule 6(e), the "[]other judicial proceeding" must be one that is already pending, or, at the very least, anticipated. *United States v. Baggot*, 463 U.S. 476, 479–80, 103 S. Ct. 3164, 3167 (1983) ("[Federal Rule of Criminal Procedure 6(e)] contemplates only uses related fairly directly to some identifiable litigation, *pending or anticipated*." (emphasis added)). And the Supreme Court has repeatedly emphasized that district courts are given wide discretion to determine whether disclosure of grand jury materials is appropriate. *See United States v. John Doe, Inc. I*, 481 U.S. 102, 116, 107 S. Ct. 1656, 1664 (1987).

Here, the District Court did not abuse its discretion when it denied Cobb's motion to unseal the grand jury records. Cobb has not satisfied Rule 6(e)(3)(E)(i)'s exception because he has not pointed to any *pending* or *anticipated* judicial proceedings connected to his request for the transcripts. The only potential proceeding that this Court could identify—Cobb's criminal case—has been closed since 2011. Under *Baggot*, this lack of a pending or anticipated proceeding is dispositive. 463 U.S. at 479, 103 S. Ct. at 3167.

The District Court did suggest, however, that Cobb may "anticipate[]" filing a motion to dismiss his indictment and vacate his conviction and sentences based on the contents of the grand jury records. But if the mere possibility of a motion to dismiss an indictment qualified as an "anticipated" judicial proceeding under Rule 6(e)(3)(E)(i), every criminal defendant would seek to unseal their grand jury proceedings in order to dig around for some error. Given that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings," *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218, 99 S. Ct. 1667, 1672 (1979), we will not stretch *Baggot* that far. And regardless, this does not alter our conclusion that the District Court did not abuse its discretion. Although the District Court relied on different reasoning when denying Cobb's motion, we may affirm on any ground supported by the record. *LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014).

But we will nevertheless give Cobb the benefit of the doubt and assume (1) that there was a "pending or anticipated proceeding" and (2) that there was some error before the grand jury when the AUSA (allegedly) failed to take the proper oath of office. Even with the aid of these assumptions, Cobb's motion to unseal still fails. Any error in a grand jury proceeding is harmless beyond a reasonable doubt when a petit jury enters a guilty verdict, as the guilty verdict means that there was probable cause to believe that the defendant was guilty, and that the

7

defendant was in fact guilty as charged beyond a reasonable doubt. *Mechanik*, 475 U.S. at 70, 106 S. Ct. at 941–42. Thus, Cobb—who was found guilty by a petit jury on two counts—cannot demonstrate a "compelling" or "particularized need," *United Kingdom*, 238 F.3d at 1316, 1320, for the grand jury records because the error that allegedly occurred before the grand jury is harmless beyond a reasonable doubt.

Accordingly, we affirm the District Court's denial of Cobb's motion to unseal.

**AFFIRMED.**