NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0329n.06

Nos. 12-1025, 12-1026

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 03, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| VICTOR MARTINEZ-SANCHEZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GILMAN, ROGERS, and SUTTON, Circuit Judges.

ROGERS, Circuit Judge. Victor Martinez-Sanchez appeals his 70-month within-guidelines sentence for returning to the United States after being convicted of a felony and deported. He argues that his sentence is procedurally unreasonable because the district court failed to recognize it had discretion to depart from the sentencing guidelines on policy grounds. He also argues that the sentence is substantively unreasonable. Neither argument has merit.

Victor Martinez-Sanchez has been deported from the United States several times, and has returned each time. While in the United States, he has committed several crimes. In 2004, he pled guilty to breaking and entering. PSR at 5. He was deported later that year. He returned to the United States by 2007 (when he pled guilty to operating a vehicle with a suspended license and while intoxicated) and spent 68 days in jail in 2010 after pleading guilty to participating in a home invasion. PSR at 6. After being released, he was arrested for illegal reentry and was deported again

in January of 2011. By August of 2011, he was back in the country again, and was arrested for operating a vehicle under the influence of alcohol. He was still on supervised release when that arrest was made.

Following his latest arrest, Martinez-Sanchez pled guilty to illegal reentry after deportation subsequent to a conviction for a felony offense and to supervised-release violations. The district court determined that, under the sentencing guidelines, the offense level was 21 and Martinez-Sanchez's criminal history was Category IV. Accordingly, the guidelines range was 57 to 71 months of imprisonment. Martinez-Sanchez did not object to the presentence report or to the calculation of the guidelines range. He instead informed the district court that he illegally returned to the United States so soon after being deported because his common law wife was pregnant and he was concerned about her health and safety. He also asked the district court to vary downward from the guidelines because he claimed that the guidelines provision that required a 16-level enhancement for Martinez-Sanchez's home-invasion conviction paints with too wide a brush in determining what constitutes a crime of violence.

The district court noted that it recognized that the guidelines are discretionary and only "one of the array of factors warranting consideration." R.25, PageID #78. The court acknowledged its "discretion in determining an appropriate sentence as recognized by [the] United States Supreme Court in its decisions in *Booker*, *Kimbrough*, *Rita*, *Gall*, *Spears*, and the recent Sixth Circuit case of *Herrera-Zuniga*." *Id.* The court then noted that Martinez-Sanchez ignored its warnings not to return to the United States, and returned less than a year after being deported. This demonstrated

to the court that Martinez-Sanchez "has no respect for the immigration laws of our country." *Id*. at PageID #80. The court stated that it "appreciate[d] the fact that he has a youngster just born, that he has a spouse who he cares about, but that's no excuse for committing felonies, and that's precisely what this defendant has been doing." *Id*. The court disbelieved Martinez-Sanchez's claim that he planned to return to Mexico with his family after taking care of his wife and children. The court believed that Martinez-Sanchez "would have stayed here as long as he could until he was apprehended again." *Id.* at PageID #81. The court also determined that the 16-level increase for the home invasion did not overstate the seriousness of that offense.

The court determined that Martinez-Sanchez's actions "require[] a sentence that is at the high end of the guideline range in this particular case" to promote respect for the immigration laws, to deter Martinez-Sanchez from committing other offenses, and to ensure just punishment. *Id.* at PageID #80–81. Accordingly, it sentenced Martinez-Sanchez to 70 months' imprisonment, near the top of, but still within, the guidelines range. The court also sentenced Martinez-Sanchez to 11 months' imprisonment, to be served consecutively to the 70-month sentence, for the supervisory-release violation.

Martinez-Sanchez now appeals. He argues that his sentence is procedurally unreasonable because the district court did not recognize that it could depart from the guidelines for policy reasons. He also contends that his sentence is substantively unreasonable because the 16-level enhancement for the home-invasion conviction overstates the seriousness of that crime.

The district court demonstrated that it was aware of its abilities and responsibilities in sentencing. It explained fully its reasoning for imposing a 70-month sentence. That reasoning was legally correct and resulted in an appropriate sentence.

The sentence is procedurally reasonable because the district court identified its ability to depart from the guidelines but explained that it did not find this to be an appropriate case to do so. The district court stated that it "recognize[d] the guidelines are advisory," that the court "must make an individualized assessment based on the facts presented," and that it had "discretion in determining an appropriate sentence." R.25, PageID #77–78. The district court specifically cited *Spears v. United States*. *Id.* at PageID #78. In that case, the Supreme Court held that district courts have authority to vary from the sentencing guidelines due to policy disagreements. *Spears v. United States*, 555 U.S. 261, 264 (2009). The court also cited this court's decision in *United States v. Herrera-Zuniga*, 571 F.3d 568 (6th Cir. 2009), which held that the discretion to depart for policy reasons is not limited to crack-cocaine sentencing. The district court was aware of its ability to depart from the guidelines for policy reasons.

Although it was aware of its ability to vary downward for policy reasons, the court chose not to do so for several reasons. First, the court noted that it had advised Martinez-Sanchez, when sentencing him on his previous immigration violation, that he faced significantly more prison time if he chose to return to the United States. He disregarded the law and the court's warnings by returning immediately, thus demonstrating to the court that he "has no respect for the immigration laws" and therefore a longer sentence was warranted for deterrence purposes. *Id.* at PageID #80.

Moreover, the court noted that Martinez-Sanchez lacked respect for criminal laws as well, that he "does what he wants, when he wants to do it," as evidenced by his prior felony conviction for a home invasion. *Id.* Finally, the court stated that while it appreciated "the human aspects of this"—that Martinez-Sanchez "has a youngster just born [and] a spouse who he cares about"— it did not believe Martinez-Sanchez's explanation that he was going to return to Mexico with his family as soon as he could. *Id.* at PageID #80–81.

The court did not abuse its discretion in rejecting Martinez-Sanchez's argument that the 16-level enhancement overstates the seriousness of Martinez-Sanchez's home-invasion conviction. According to the presentence report,

> Mr. Martinez-Sanchez accompanied his uncle and cousin to fight a man who had allegedly taken his uncle's job. The uncle kicked in the door whereupon they entered the man's house and a verbal altercation ensued. All the while the three were pushing and slapping the man. The defendant's cousin then brought out a chain and began swinging it, hitting the man several times.

PSR at 6. The sentencing guidelines require a 16-level enhancement when a defendant was previously deported for committing "a crime of violence." U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2011). A crime of violence includes any offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at cmt. 1(B)(iii). Martinez-Sanchez did not challenge that his crime was a crime of violence under the guidelines. R.25, PageID #75. He argues instead that the enhancement should not include the type of crime Martinez-Sanchez committed. However, he participated in a crime that involved kicking in a door and physically assaulting the victim. According to the presentence report, Martinez-

Sanchez participated in pushing and slapping the victim. This crime is of the type the enhancement was designed to cover, and the 16-level enhancement does not overstate its seriousness.

The district court determined that a 70-month within-guidelines sentence was appropriate because of Martinez-Sanchez's criminal history and demonstrated lack of respect for immigration law. It did not abuse its discretion in doing so. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining standard of review). Martinez-Sanchez's sentence is substantively reasonable.

Because we conclude that Martinez-Sanchez's sentence was reasonable, we affirm the district court's judgment.