KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment.
I agree with the majority’s conclusion, but write separately to explain how I reach that result. I therefore join in the judgment affirming Remble’s sentence for the reasons that follow.
Remble first argues that the district court committed plain error when it stated that “it may not consider any new, post-sentencing information in these proceedings.” R. 777 (Resentencing Tr. at 14:4-5) (Page ID # 4515). Under plain-error review, we must evaluate whether “(1) there is an error, (2) the error is plain, ... (3) the error affects substantial rights[, and (4) ] ... the error seriously affects the fairness, integrity or public reputation of judicial proceedings.” Henderson v. United States, — U.S. -, 133 S.Ct. 1121, *444 1126-27, 185 L.Ed.2d 85 (2013) (internal quotation marks and alterations omitted). Concerning the first requirement, the Supreme Court’s decision in Pepper v. United States, — U.S. -, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011), makes clear that the district court’s statement was error: “We hold that when a defendant’s sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant’s postsentencing rehabilitation.” Id. at 1236. Moreover, even though Pepper was decided after the resentencing hearing, the second requirement is satisfied, as the Supreme Court recently established in Henderson that “as long as the error was plain as of ... the time of appellate review[,] the error is ‘plain’ within the meaning of the [four-part standard].” 133 S.Ct. at 1124-25.
Remble’s argument fails, however, under the third requirement — that the error must affect his substantial rights — as Remble has failed to proffer any evidence of postsentencing rehabilitation or conduct. The memorandum presented by Remble on appeal does not fall within the ambit of rehabilitation or conduct; rather, it depicts the evolving position of the Department of Justice vis-a-vis the Fair Sentencing Act. While this letter may provide support for Remble’s argument that the district court should apply a lower powder-to-crack cocaine ratio, it does not constitute evidence of postsentencing rehabilitation or conduct. Because Remble has failed to provide any postsentencing rehabilitation or conduct that would support a lower sentence, his substantial rights have not been affected.
Remble’s second argument addresses the 100:1 powder-to-crack cocaine ratio applied by the district court during Remble’s resentencing. Specifically, he contends that the district court erred by failing to use its discretion to apply a 1:1 powder-to-crack cocaine ratio in calculating his sentence. Appellant Br. at 10. If the district court had acted within its discretion in this manner, Remble argues, his Guidelines range would have been 360 months to life imprisonment instead of life imprisonment. Id. In light of Dorsey v. United States, — U.S. -, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012), it is clear that the district court should have applied the 18:1 powder-to-crack cocaine ratio established in the Fair Sentencing Act at his resentencing hearing. Id. at 2326. However, because the district court attributed 15 kilograms of crack cocaine to Remble in the initial sentencing, which we affirmed on direct appeal, United States v. Anderson, 333 Fed.Appx. 17, 25-26 (6th Cir.2009), the advisory sentence would remain life imprisonment under the Guidelines. U.S. Sentencing Guidelines Manual § 2D1.1 (2012). I would therefore affirm on this ground.
Additionally, I cannot agree with Rem-ble’s argument that the district court erred by declining to use its discretion to apply a 1:1 powder-to-crack cocaine ratio. Although a district court may exercise its discretion to vary a defendant’s sentence based solely on policy disagreements, it is not required to do so in any given case. Spears v. United States, 555 U.S. 261, 264, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009); Kimbrough v. United States, 552 U.S. 85, 91, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). The district court addressed Remble’s argument that a 1:1 powder-to-crack cocaine ratio should apply, which is all that is required. United States v. Gapinski, 561 F.3d 467 (6th Cir.2009).
Finally, although “the Fair Sentencing Act increased the amount of crack cocaine necessary to subject Mr. Remble to a statutory sentencing range of 10 years to life to 280 grams,” Appellant Supp. Br. at 7, both parties agree that Remble’s sentence does not violate Apprendi v. New Jersey, *445 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because “[t]he statutory maximum sentence applicable to Clarence Remble was life imprisonment based on the jury finding that he was responsible for more than 50 grams of methamphetamine.” Appellant Supp. Br. at 6; see also 21 U.S.C. § 841(b)(1)(A).
I would therefore affirm the judgment of the district court sentencing Remble to life imprisonment.