**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4380**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

FERNANDO LUIS TOLENTINO-TOLENTINO,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   W. Earl Britt, Senior District Judge.  (5:13-cr-00245-BR-1)

Submitted:  March 20, 2015                   Decided:  April 2, 2015

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Robert E. Waters, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fernando Luis Tolentino-Tolentino ("Tolentino-Tolentino") pleaded guilty to one count of illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court sentenced Tolentino-Tolentino to 46 months' imprisonment, the low end of the Sentencing Guidelines range. Tolentino argues that the sentence is both procedurally and substantively unreasonable. He contends that the 16-level increase to the offense level, as called for by U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(vii) (2013), unjustly increased his Guidelines range, and that the resulting sentence is both procedurally and substantively unreasonable. Finding no error, we affirm.

We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49-51.

If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014); United States v. Susi, 674 F.3d 278, 289-90 (4th Cir. 2012). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) sentencing factors. Louthian, 756 F.3d at 306. Any sentence imposed by the district court must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a).

Here, the district court properly calculated the Guidelines range, allowed the parties to argue for the appropriate sentence, considered the § 3553(a) sentencing factors, did not base the sentence on erroneous facts, and sufficiently explained the sentence. We conclude that the sentence was procedurally reasonable.

We observe that the district court considered Tolentino-Tolentino's policy arguments regarding the application of USSG § 2L1.2(b)(1)(A)(vii). It is well-established that a district court may consider policy-based objections to the Guidelines. See Spears v. United States, 555 U.S. 261, 265-66 (2009) (per

3

curiam) ("[D]istrict courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines."); Kimbrough v. United States, 552 U.S. 85, 91, 109-10 (2007).  However, "[a]lthough a sentencing court may be entitled to consider policy decisions underlying the Guidelines, . . . it is under no obligation to do so."  United States v. Rivera-Santana, 668 F.3d 95, 101 (4th Cir. 2012) (citation omitted).  Here, the court acknowledged Tolentino-Tolentino's policy-based arguments, which were asserted in support of Tolentino-Tolentino's request for a below-Guidelines sentence, and gave its reasons for rejecting those arguments.  The court's imposition of a within-Guidelines sentence is presumptively substantively reasonable, and we find no reason to conclude that the sentence is unreasonable when measured against the § 3553(a) sentencing factors.

Accordingly, we affirm the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED