# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3657
_____

United States of America

*Plaintiff - Appellee*

v.

Matthew Paul Browning

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: June 13, 2016
Filed: August 8, 2016
[Unpublished]
_____

Before SMITH, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Matthew Paul Browning appeals his sentence arguing the district court[1] erred by relying on the sentencing guidelines' equivalency ratio for synthetic Tetrahydrocannabinol ("THC") to marijuana of 1:167. Although not precisely articulated as such, he appears to argue his sentence involves both procedural error and substantive unreasonableness. We affirm.

I.

Browning was indicted for drug offenses and conspiracy to commit money laundering and mail fraud, all related to his processing and sale of synthetic cannabinoids. He pleaded guilty to conspiracy to commit money laundering and mail fraud, in violation of 18 U.S.C. §§ 1956(h) and 1341, respectively. Each count of conviction carries a maximum statutory sentence of 20 years. The applicable Guideline for his money-laundering offense, U.S.S.G. § 2S1.1, incorporates by cross reference the base offense level of "the underlying offense from which the laundered funds were derived." U.S.S.G. § 2S1.1(a)(1). Pursuant to this cross reference, the controlling Guideline is the drug-offense Guideline found at U.S.S.G. § 2D1.1. At sentencing, Browning conceded a drug quantity, but he objected to the use of the marijuana-equivalence multiplier found in the drug equivalency table at U.S.S.G. § 2D1.1 cmt. 8(D). That table directs courts to treat 1 gram of synthetic THC as equivalent to 167 grams of marijuana. The district court rejected Browning's argument and calculated the base offense level using the 1:167 ratio.

After applying other adjustments and considering Browning's Criminal History Category I, the district court calculated the advisory Guidelines sentencing range as 108 to 135 months. Then, when discussing several of the sentencing factors of 18 U.S.C. § 3553(a), the district court again referenced Browning's challenge to the use

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

of the 1:167 marijuana-equivalency multiplier. The government sought a top-of-the-range sentence, and Browning urged the court to impose time served and supervision. The court ultimately imposed a sentence of 72 months' imprisonment. Browning appeals.

## II.

On appeal Browning argues the 1:167 ratio is flawed as a matter of science and policy and that the district court erred by employing the ratio. We previously have held the ratio is appropriate for cases like this. See United States v. Carlson, 810 F.3d 544, 556 (8th Cir. 2016) ("Although Carlson argues that the 1:167 ratio lacks scientific support because recreational marijuana contains a higher level of THC than the guideline ratio assumes, a sentencing court may use guideline commentary 'as a tool for calculating the base offense level' for a convicted defendant." (quoting United States v. Muckle, 755 F.3d 1024, 1026 (8th Cir. 2014))). We also have held it is not error to use the 1:167 ratio in a case involving drug weights derived from a mixture of THC and inert plant material. See United States v. Ramos, 814 F.3d 910, 918–20 (8th Cir. 2016) (rejecting the argument that the Guidelines ratio for pure THC was inapplicable to weights obtained for mixtures of pure THC and inert plant material), but see Ramos, 814 F.3d at 920–24 (Bright, J., dissenting) (discussing in detail the sentencing tables and the relationship between pure THC and mixtures containing THC).

Browning nevertheless argues the district court erred by failing to second guess the sentencing commission and failing to conduct an independent inquiry as to the propriety of the sentencing commission's determination of the 1:167 ratio. In making this argument he relies upon district courts' authority, as recognized in Spears v. United States, 555 U.S. 261, 266–67 (2009), and Kimbrough v. United States, 52 U.S. 85, 102–10 (2007), to depart from the Guidelines based upon disagreement with the underlying policy and factual findings or assumptions inherent in the Guidelines.

Spears, 555 U.S. at 266–67 ("[D]istrict courts are entitled to reject and vary categorically from . . . Guidelines based on a policy disagreement with those Guidelines."). Browning seeks to stretch Kimbrough and Spears too far. Although Kimbrough permits district court judges to second guess the Guidelines and impose sentences that reflect judges' disagreements with policies or conclusions reflected in the Guidelines, Kimbrough does not *require* district courts to reject the Guidelines. Nor does it require courts to conduct an independent inquiry into empirical determinations underlying the Guidelines. Having reviewed the sentencing transcript, we have no doubt that the district court was well aware of Browning's position and also well aware of its own authority to reject the 1:167 ratio. The court expressly chose not to do so.

It was not legal error to rely upon the Guidelines, and it was not procedural error to reject Browning's argument in this regard when calculating the advisory Guidelines range or when assessing the § 3553(a) factors. Further, the below-Guidelines sentence was not substantively unreasonable. See Gall v. United States, 552 U.S. 38, 51 (2007) (assessing substantive reasonableness under the abuse-of-discretion standard). The court viewed Browning as particularly incorrigible and as failing to own up fully to the illegality of his scheme. The court noted repeatedly that the government conceded a drug quantity far below what seized drugs and records likely would have supported. The court also rejected as incredible Browning's purported belief of the legality of his actions, given the scale of the profits he achieved through his sales of synthetic cannabinoids. Further, the court emphasized that Browning continued dealing in illegal substances while on pretrial supervision. We find no abuse of discretion in the court's selection of an overall sentence.

We affirm the judgment of the district court.

_____